Spencer S. Ewbanks

*v.*

The President and Trustees of the Town of Ashley.

1. Penalty — *could be recovered at common law in debt or assumpsit.* By the common law, when a penalty was given and the form of action not prescribed, it might be recovered by action of debt or assumpsit, but not in a criminal proceeding.

2. Same. When the legislature confers jurisdiction upon justices of the peace for the recovery of a penalty, it is held to authorize them to proceed as in other cases, and a formal complaint is not required.

3. Process — *capias* — *summons.* If a capias is improperly issued, and it is served by reading, and the defendant is not arrested, and he appears and goes to trial, the service is as good as if it had been by summons.

4. Town Ordinance — *printed copy.* The ordinances of a town, printed and pasted in their record book of proceedings of the board of trustees, are admissible in evidence; that being a sufficient recording under the statute.

5. Same. It must appear that the wood placed in the town was an inconvenience or annoyance to some of the inhabitants of the town, before it will be regarded a nuisance, under an ordinance prohibiting any person from placing more than ten cords in the corporate limits.

6. Evidence. In an action to recover a penalty for violating an ordinance

of a town, it must appear that the act complained of was performed after the ordinance took effect. It is error to render judgment for the penalty without such proof.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was originally an action, brought before a justice of the peace, by the President and Trustees of the Town of Ashley, against Spencer S. Ewbanks, to recover a penalty for the violation of an ordinance of the town. The justice of the peace issued a warrant for the arrest of defendant, returnable forthwith. It was simply served by reading to defendant, who afterwards appeared by attorney and went to trial, which resulted in a judgment for twenty dollars debt, and costs of suit.

Defendant removed the case to the Circuit Court by appeal. At the April term, 1864, defendant entered a motion to quash the writ issued by the justice of the peace, which was overruled by the court. Thereupon the cause was, by consent of the parties, submitted to the court for trial without the intervention of a jury.

Plaintiffs proved that the town of Ashley was incorporated under the name of the "President and Trustees of the Town of Ashley," and had made sidewalks and other improvements. Plaintiffs also proved the printing and the posting up of four copies of the ordinance under which this proceeding was had. They then produced a book and offered it in evidence, which was proved to be the minute-book of the board, in which their proceedings, and the ordinances adopted by the board, were recorded. It contained what purported to be an ordinance, printed and pasted therein; the first section of which is this :

"*Be it ordained by the President and Trustees of the Town of Ashley —*

"SEC. 1. That if any person, company or corporation shall place or allow to remain, wood, in quantities over ten cords, or shall keep any butcher shop, in a manner deleterious to the

health of the people of the town of Ashley, or offensive to them in business avocations, or of any private family within the corporate limits of the town of Ashley, the same is hereby declared a nuisance, and shall be removed at the cost of the owner thereof, by order of the board, by the town constable and street commissioner, and any individual, company or corporation, being found guilty of violating this ordinance, shall be fined in any sum not exceeding one hundred dollars. This 4th day of August, A. D. 1862."

Defendant objected to admitting this book and the ordinance in evidence, but the objection was overruled, and the ordinance read, and exceptions taken.

Plaintiffs then proved that defendant, before the commencement of the suit, had hauled sixteen cords of wood, and corded it up in the corporate limits of the town of Ashley; that Ewbanks admitted that it was his wood.  The court below thereupon rendered a judgment in favor of plaintiffs, for ten dollars, and costs of the suit.

Defendant below brings the case to this court by writ of error, and seeks a reversal of the judgment of the court below— because the court below refused to quash the writ issued by the justice of the peace ; because the court below admitted a printed copy of the ordinance ; and in rendering judgment against defendant below.

Mr. W. H. GREEN, for the Plaintiff in Error.

Mr. J. M. DUNHAM, for the Defendants in Error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, brought by the President and Trustees of the Town of Ashley against Spencer Ewbanks, before a justice of the peace, for the recovery of a penalty for the violation of a town ordinance.  The writ was in the form of a capias, and was served on plaintiff in error by reading, and without arrest.  He appeared before the justice on the 27th

day of April, 1863, three days after the writ was issued, and entered a motion to dismiss the suit, because the writ was returnable forthwith, and because the writ was not based on an affidavit. The motion was overruled, a trial had, and a judgment rendered against plaintiff in error. He removed the cause to the Circuit Court by appeal, where he entered a motion to quash the writ of the justice of the peace, which was also overruled. A trial was then had, resulting in a judgment in favor of defendants in error ; and the cause is brought to this court, to reverse the judgment.

At common law, a penalty given by a statute might be recovered in either an action of debt or assumpsit, in any court of general jurisdiction. Com. Dig. By-law D. 1 ; *Israel* v. *Jacksonsville*, 1 Scam. 290. Nor could such a penalty be recovered in a criminal proceeding. When the jurisdiction is conferred upon justices of the peace in such cases, it follows that it must be held to authorize them to proceed as in other cases. It then results, as a part of their jurisdiction, that they may hear such cases without a complaint. The suit might be brought in the same manner as in any other civil suit before a justice of the peace.

The writ should, no doubt, have been an ordinary summons, in the absence of some provision requiring a capias, but as plaintiff in error was not arrested, and voluntarily appeared, it answered the purpose of a summons, the object of which is to procure the appearance of the defendant. But even if it was not sufficient, when the cause was removed to the Circuit Court no exceptions could be taken to the form or service of the writ. It was the duty of the court to hear and determine the case in a summary manner according to its merits. *Swingley* v. *Haynes*, 22 Ill. 216 ; *Ohio and Miss. R. R.* v. *McCutchin*, 27 Ill. 9 ; *Stephens* v. *Cross*, ib. 35. The Circuit Court, therefore, committed no error in overruling the motion to quash the writ.

It is insisted, that the court erred in admitting a printed copy of the by-laws of the town in evidence, on the trial below. No exceptions seem to have been taken to the proof itself, or

the mode in which it was made, as to the adoption, publication or recording of the ordinance. But even if such an objection had been made, the ordinance seems to have been published in the mode specified in section seven of the chapter relating to incorporated towns, (R. S. 113,) and a similar publication was held sufficient in the case of *Teft* v. *Size*, 5 Gilm. 432.

The objection which seems to have been made, was to reading from the record book of the corporation what purported to be the ordinance under which this proceeding was had. It appears to have been printed and pasted in the book which was proved to contain the town ordinances, adopted by the president and trustees. We can perceive no reason for holding this ordinance invalid, because it was recorded in print and not in manuscript. It may be asked, what advantage could be obtained by a manuscript record over one that was printed? The object in reducing it to record, is that it may be preserved for future reference, and certainty as to its provisions, which is certainly as well attained by print as by manuscript. We deem this a sufficient recording of the ordinances under the statute.

But does it appear, from this record, that appellant was guilty of a breach of the ordinance? It declares, that " if any person shall place or allow to remain, wood in quantities over ten cords, or shall keep any butcher's shop in a manner deleterious to the health of the people of the town of Ashley, or offensive to them in their business avocations, or of any private family within the corporate limits of the town of Ashley, the same is hereby declared a nuisance, and shall be removed at the cost of the owner thereof," etc. To render wood placed within the corporate limits a nuisance, it is necessary that it should be deleterious to the health, or offensive to the inhabitants, or to a private family of the town. It cannot be presumed that the board of trustees could have intended, by adopting this ordinance, to prevent the citizens from placing more than the ten cords of wood on their own premises, or in their woodhouses, where it could not injure, or in any degree annoy or discommode other persons. They could only have designed to prohibit its being so placed as to injure or annoy the inhabitants of the town.

The evidence in this case fails to show that this wood injured or put any person to the least inconvenience. There was no nuisance proved, and the evidence failed to sustain the verdict.

Again, there is no evidence in the record, showing when the wood was placed in the limits of the corporation. For aught that appears, it may have been before the ordinance was adopted. In prosecutions for penalties and forfeitures, the offense must be established by full proof. And in this case it has not been done, and the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*