# Horton *v.* The State.

### Indictment for Cruelty to Animals.

1. *Jurisdiction of justice of the peace under statute against cruelty to animals.*—Justices of the peace have not final jurisdiction of offenses committed in violation of the statute against "cruelty to animals," (approved, February 23, 1883,—Sess. Acts 187—amended, February 17, 1885,—Sess. Acts 156,) there being nothing in either statute which confers such jurisdiction.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

The appellant in this case, Sam Horton, was indicted at the fall term of said court, 1885, for the offense of cruelty to animals. On the trial, under a plea of former jeopardy interposed by the defendant, it was shown that the alleged offense had been previously investigated by a justice of the peace who bound the defendant over to the Circuit Court, his judgment entry being as follows: "Found guilty and gives bond for appearance at court." The issue of former conviction was decided adversely to appellant, who, thereupon, went to trial under a plea of not guilty, and was convicted.

J. W. BUSH, for appellant.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—This proceeding was instituted under the statute, "To prevent cruelty to animals," approved February 23, 1883—Sess. Acts 187—amended February 17, 1885—Sess. Acts 156. There is nothing in either statute which declares that justices of the peace have jurisdiction for the final trial,

[Knowles v. The State.]

while the maximum fine that may be imposed would rather repel the idea that such jurisdiction was intended to be conferred, even by the original enactment.   This statutes permits a fine of $100 to be imposed, whereas $50 is the limit of the justice's jurisdiction in cases of tort, and in actions for the recovery of specific property, (Code of 1876 § 757, subd. 2 and 4), and $10, as the value of property involved, in certain petty criminal offenses of which he has jurisdiction.—Code, § 4628.   The section last cited is the general statute which clothes the justices with jurisdiction of public offenses, and cruelty to animals is not one of the offenses named.   These reasons tend strongly to convince us that by the statute as first enacted, it was not intended to confide its administration to justices of the peace.

The amendatory act, however, relieves this question of all semblance of doubt.   It provides that, "for conviction under this act, the solicitor shall be entitled to a fee of fifteen dollars."   It could not have been intended or expected that the solicitors would attend the sittings of the justices' courts.

The justice was without jurisdiction to finally try the defendant on the charge preferred against him.   He exhausted his power when he heard the complainant on preliminary examination, and bound the defendant to appear at court and answer to the charge.   If he pronounced him guilty, it must be interpreted as the expression of his opinion that the evidence was sufficiently strong to authorize the sending of the case to the grand jury.   This he was authorized to do, and his jurisdiction extended no farther.

Under the foregoing principles, there was nothing in the plea of former jeopardy which the defendant interposed.   It might have been stricken from the file without error, and any ruling by which it was gotten rid of could do the defendant no injury.

Affirmed.