# Bell *v.* Town of Jonesboro.

## *Violating Municipal Ordinance.*

(Decided Dec. 21, 1911.   57 South. 138.)

1. *Municipal Corporation; Violation of Ordinance; Complaint.*— A complaint for the violation of a city ordinance which sets out the title, expressing the subject of the ordinance, and also its number, and the section claimed to have been violated, sufficiently plead the existence of the ordinance, and the provisions claimed to have been violated.

2. *Same; Passage and Publication; Posting; Record.*—As section 1258 Code 1907, provides that all general ordinances shall take effect five days after publication, except as otherwise provided, a further provision for recording is merely directory and an ordinance duly passed and published becomes effective although not recorded or certified by the clerk.

3. *Same; Evidence.*—Under section 1258, Code 1907, in an action for violating a city ordinance, evidence that there was no postoffice and no newspaper in the town, was admissible to show which provision of the statute was applicable.

4. *Same; Proof.*—Where the minutes showed that there were five members of the council besides the mayor, and that three of the members beside the mayor were present at a regular meeting, that a motion to suspend the regular order of business and to take up a certain ordinance, which was referred to by the introductory words of its title, was made, and that certain members voted in the affirmative, and that none voted against the same, it sufficiently showed the regular passage of the ordinance notwithstanding mistakes were made in setting out the names of two of the councilmen.

5. *Same.*—Where the ordinance offered in evidence had at the end thereof, the following recital, "adopted Feb. 15, 1910, J. D. Martin, Mayor" and the town clerk identified it as the ordinance mentioned in the minutes of the council in evidence showing the passag thereof under a suspension of the rules, and the clerk also testified to the publication of the ordinance in the mode required by the statute, such method of identifying the subject of the recorded action of the city council, was proper.

Appeal from Bessemer City Court.

Heard before Hon. J. C. B. Gwin.

Sam Bell was convicted of violating an ordinance of the town of Jonesboro, and he appeals. Affirmed.

The complaint was as follows: "Comes the town of Jonesboro by its solicitor, and complains that within 60

[Bell v. Town of Jonesboro.]

days before the commencement of this prosecution Sam Bell did violate the terms of Ordinance No. 149 of the town of Jonesboro, in substance as follows:

"An ordinance to be entitled an ordinance to further suppress the evil of intemperance, and secure obedience to and the enforcement of and to prevent the evasion of the laws of the town of Jonesboro for the promotion of temperance, and for the prohibition or manufacture of and traffic in an unlawful disposition of prohibited liquors and beverages, to provide for the abatement of liquor nuisances and the seizure and forfeiture of such liquors and beverages, to prosecute the proceedings in said case.

"Section 1. Be it ordained by the town council of Jonesboro that, if any person shall willfully let or suffer another person to use any premises which he owns or controls for the illegal sale or manufacture or other unlawful disposition of spirituous, vinous or malt liquors prohibited by the laws of the town of Jonesboro, to be sold or otherwise disposed of in said town or the police jurisdiction thereof, and for the illegal storage or maintaining of such liquor, shall be guilty of a misdemeanor.

"Sec. 2.    *    *    *

"Sec. 3. That the keeping of liquors or beverages prohibited by the laws of the town of Jonesboro to be sold or otherwise disposed of in any building not used exclusively for a dwelling shall be prima facie evidence that they are kept for sale, or with intent to sell the same, contrary to law.

"Sec. 28. That any violation of any provision of this act, when no other penalty is provided for, shall be punishable by a fine of not less than $50, nor more than $100, to which may be added, at the discretion of the recorder, or other officer holding municipal court, try-

ing the case, imprisonment in the town jail, or at hard labor for the town of Jonesboro, for not more than six months; this being the general penal clause of this article."

The demurrers were: (1 and 2) The improper passage and recording of the ordinance. (3) That the ordinance is neither set out in substance nor in so many words. (4) Conclusion of the pleader. (5) In direct conflict with the state statute. (6) Ordinance was improperly recorded, if recorded at all. (7) Fatal variance between complaint and warrant and affidavit under which the defendant was tried in the recorder's court. (8) Insufficient number of councilmen voting for the ordinance. (9 and 10) Go to the validity of the ordinance for various reasons.

The pleas were: (1) The general issue. (2) "For further answer to the complaint, defendant says that the ordinance set out was invalid, in this: That on February 15, 1910, the council met in the town of Jonesboro with only three of its members present, and with its mayor presiding at that time, there being five members of such council holding office; that, as appears from the minutes pasted in the Book of Minutes at page 157, there was an ordinance offered, entitled 'An ordinance ordered to suppress the evils of intemperance,' by one councilman, J. M. Smithson, moving to place the same on its first reading, which was seconded by Jack Sanders, another councilman, and said vote following said reading, and was seconded by only three, to wit, Jack Sanders, J. M. Smithson, and O. C. Walls, when as a matter of fact there was no such councilman by such name as O. C. Walls; that on said same night or time the said ordinance was put on its last reading and final passage with said same parties voting for the same; that at no time did the mayor vote on the final

passage of said ordinance. And defendant avers that the town of Jonesboro is a town of less than 6,000 population, and the defendant avers that at no time has said ordinance been recorded, but merely pasted in or attached by leaf fasteners to page 103 of the book; that said ordinance does not bear a certificate of its passage and promulgation, by showing that there was no news-paper published in the town of Jonesboro, and that notices were posted at the post office, giving the time, date, or manner of how the same was posted. Therefore said ordinance is absolutely void for said reason." Pleas 3 and 4 set up the character of the evidence to be offered against the defendant, and allege that it was obtained by search and seizure.

Replications to the second plea are as follows: "That said Ordinance No. 149, on which this prosecution is based, was duly passed on February 15, 1910; that there were present a majority of the members of said council; that the minutes show that J. M. Smithson, Jack Sanders, and Q. C. Walls were members of the council; that Alderman Q. C. Walls is the identical and same person as O. C. Walls; that unanimous consent was given for the suspension of the rule, and all three aldermen present voted for the ordinance, and so did the mayor, John D. Martin; that the ordinance was published by posting three copies in three public places, one copy in each place at the office of the mayor; that there was on such date no post office in the town of Jonesboro, nor was there any newspaper published in said town; that the mayor voted for the passage of the ordinance; that the ordinance was and is bound and recorded in a book of ordinances of the town of Jonesboro and duly certified by Gerge H. Bumgardner, clerk of the town."

The demurrers are that there is nothing showing the substance of the certificate; the replication seeks to supply omission to the minutes on the passage of the ordinance, which cannot be done by parol proof; the facts alleged seek to explain and offer correction to the name of Q. C. Walls appearing on the minutes, which cannot be done; it is not alleged that the majority of the council elected to that office voted on the final passage of the ordinance for the same, including the mayor.

PINKNEY SCOTT, for appellant. The demurrer was well taken to the complaint, and should have been sustained.—*Case v. Mobile,* 30 Ala. 538; *Birmingham v. O'Hearn,* 149 Ala. 307; *Rosenburg v. Selma,* 52 South. 742. The town should not have been permitted to use a search warrant to procure its testimony.—*Bessemer v. Eidge,* 162 Ala. 204. The ordinance is not shown to have been legally passed.—*Michael v. The State,* 163 Ala. 425; *Mayor, etc. v. Davis,* 98 Ala. 634; Secs. 1252, and 1258, Code 1907. Counsel discusses other assignments of error, but without further citation of authority.

PERRY & BUMGARDNER, for appellee. The complaint was sufficient.—*Dowling v. Troy,* 56 South. 117. Counsel discuss the other assignments of error but without further citation of authority.

WALKER, P. J.—The complaint in this case set out the title of an ordinance of the town of Jonesboro, which expressed the subject of it, also its number, and the sections of it claimed to have been violated. The averments sufficiently disclosed the existence of a municipal ordinance and the provisions of it which were alleged to have been violated.—*Rosenberg v. City of Selma,* 168 Ala. 195, 52 South. 742; *Turner v. Town of*

*Lineville,* 2 Ala. App. 454, 56 South. 603. The question
of the sufficiency of the general averment of the com-
plaint of a violation by the defendant (the appellant
here) of the terms of the ordinance was not raised by
any of the grounds assigned in the demurrer to the
complaint.

Conceding that the third and fourth pleas contained
any matter proper for a plea, yet the defendant could
not have been prejudiced by the striking of those pleas,
which merely questioned the legality of the evidence
which the defendant supposed would be offered to sup-
port the charge against him, as under his plea of not
guilty he could avail himself on the trial of any legal
objection to which the evidence actually offered against
him might be subject.

Nor could the defendant have been prejudiced by the
overruling of his demurrer to the replication to his sec-
ond plea, as that pleading merely raised a separate is-
sue as to the legal existence of the ordinance alleged in
the complaint, of which issue the defendant had the full
benefit under his plea of not guilty, which put in issue
the material allegations of the complaint, including its
allegation of the existence of the ordinance mentioned.

The statute provides that: "All ordinances of a gen-
eral or permanent nature shall be published in some
newspaper of general circulation in the city or town,
but if no such newspaper is published within the limits
of the corporation, such ordinances or resolutions may
be published by posting copies thereof in three public
places within the limits of the city or town, two of
which places shall be the postoffice and the mayor's of-
fice in such city or town. When the ordinance is pub-
lished in the newspaper it shall take effect from and
after its publication, and when published by posting it
shall take effect five days thereafter, except as herein

otherwise provided."—Code 1907, § 1258. This is an explicit provision as to the time when an ordinance shall take effect. Except as otherwise provided in the statute, an ordinance which may be published by posting takes effect five days after it is so published. A compliance with the other provisions contained in the same section of the statute as to the recording of an ordinance is not made a prerequisite to its taking effect. The provision for recording is merely directory, and an ordinance duly passed and published is effective, though not recorded and certified by the clerk as directed by the statute.—Dillon on Municipal Corporations (5th Ed.), § 607.

Evidence that there was no post office in the town, and that no newspaper was published there, was admissible for the purpose of showing which provision of the statute as to publication was applicable.

Without regard to the question as to whether the act of the clerk of the town in fastening the ordinance to a page of the book of ordinances of the town constituted a recording of the ordinance within the meaning of the provision on that subject contained in section 1258 of the Code, so as to make his certificate as to the time and manner of the publication thereof presumptive evidence that the publication was made as stated in the certificate, the evidence as to the passage and publication of the ordinance was such as to justify the court in overruling the objections made to its introduction in evidence. The minutes of the council, which were introduced in evidence without objection, read in the light of the evidence as to the number of members constituting that body, and identifying the paper offered as the ordinance acted on at that meeting, sufficiently showed the due passage and publication of the ordinance. The evidence showed that there were five

members of the town council besides the mayor, John
D. Martin; three of them being J. N. Smithson, Jack
Saunders, and O. C. Walls. The minutes of the regular
meeting of the council which were offered in evidence
recited the presence of the mayor and the three mem-
bers mentioned. They show that on a motion to sus-
pend the regular order of business and to take up a
certain ordinance, which was referred to by the intro-
ductory words of the title of the ordinance offered in
evidence, "the following members voted in the affirma-
tive: J. N. Smithson, Jack Saunders, and Q. C. Walls,
and John D. Martin, none voting against same." The
mistakes made in setting out the names of two of the
councilmen in this statement of the vote on that reso-
lution do not prevent that recital from sufficiently show-
ing that unanimous consent for the immediate consid-
eration of the ordinance was given and evidenced as re-
quired by section 1252 of the Code. The recital shows
that the affirmative vote was cast by the members of
the council and the mayor. Obviously the mistakes
made in setting out the names of two of the council-
men are mere clerical errors, which are corrected by a
reference to that part of the minutes which states the
names of the councilmen present at the meeting. The
minutes further recite that said ordinance was unani-
mously adopted. This shows a compliance with the re-
quirement of the statute (Code, § 1252) that, on the
final passage of such a town ordinance, a majority of
the members elected to the council, including the
mayor, shall vote in its favor.

The paper offered in evidence had at its end the fol-
lowing: "Adopted. February 15, 1910. G. H. Bum-
gardner, Town Clerk. Approved February 15, 1910.
J. D. Martin, Mayor." And the testimony of the clerk
identified it as the ordinance mentioned in the minutes

above referred to. Such a method of identifying the subject of the recorded action of a municipal body is not legally objectionable.—2 Dillon on Municipal Corporations (5th Ed.) § 555; *Woodruff v. Stewart,* 63 Ala. 206. Publication of the ordinance in the mode required by the statute under the circumstances disclosed by the evidence was testified to by the town clerk.

The finding and judgment of the court were amply sustained by evidence showing a violation by the defendant of the provisions of the ordinance which were set out in the complaint.

Affirmed.