# Wiggs *v.* The State.

### *Violating Prohibition Law.*

(Decided May 3, 1912.   59 South. 516.)

1. *Municipal Corporations; Ordinances.*—Under section 1252, Code 1907, a municipal ordinance of a permanent nature which was voted for by three only, where the counsel was composed of five members and the mayor, did not receive a majority and was therefore not an ordinance.

2. *Same; Violation.*—In a prosecution for violating a municipal ordinance it is not necessary that the complaint set out the ordinance in its words, but the ordinance should be pleaded with sufficient fullness that the defendant may know what he is charged with having violated.

3. *Criminal Law; Former Acquittal; Plea.*—Where, in a prosecution for violating the prohibition law, the defendant sets up a prosecution for the same offense under a municipal ordinance, and his acquittal, his plea is demurrable if it shows on its face that the ordinance was void, and that was the reason for his acquittal.

4. *Criminal Law; Trial; Submission of Pleas.*—It was not error for the court to direct the trial of both the plea of not guilty, and former acquittal at the same time in the absence of a specific request for a separate submission.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

John Wiggs was convicted of violating the prohibition law, and he appeals. Affirmed.

JOHN A. LUSK & SON, for appellant. The first ground of demurrer to the replication should have been sustained.—*McKenzie v. Forbes,* 155 Ala. 259.; *Owensboro W. Co. v. Hall,* 149 Ala. 210. The other grounds of demurrer to the replication should have been sustained. —*Henry v. The State,* 33 Ala. 389; *Cochran v. The State,* 89 Ala. 43; *Wesson v. The State,* 109 Ala. 61. The judgment of acquittal on appeal was conclusive.— *Drinkard v. Oden,* 150 Ala. 475. The court erred in permitting the witness's statement that the ordinance was held void by the judgment of the court.—28 Ala. 250; 65 Am. Dec. 344; Jones on Evidence, sec. 20, note 11 and cases cited. The court erred in permitting the witness to testify that the case of *Town of Guntersville v. Wiggs* had not been tried on its merits.—*Bennett v. The State,* 52 Ala. 370. The defendant was entitled to have the jury pass first on his plea of former acquittal.— *Reynolds v. The State,* 1 Ala. App. 30.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The demurrers to the replication were properly overruled. It presented an answer to the defendant's plea of former jeopardy. The ordinance under which the defendant was tried having been declared void, and the recorder not having acquired jurisdiction, no jeopardy could arise.—*Finley v. State,* 61 Ala. 201; *Horton v. State,* 80 Ala. 8; *Carter v. State,* 107 Ala. 146.

DE GRAFFENRIED, J.—1. Section 1252 of the Code provides that "no ordinance or resolution of a city or town," intended to be of permanent operation, shall become a law, unless on its final passage a majority of the members elected to said council, including the mayor of cities of less than 6,000 inhabitants, and in

towns, shall vote in its favor. Guntersville is a town, and has five aldermen, who are the members of its council, and a mayor. Only three members of said council voted for the adoption of the ordinance hereinafter referred to, and, as three is not a majority of six, the ordinance, hereinafter referred to, was not adopted as required by law, and was therefore *no* ordinance.—*Sam Bell v. Town of Jonesboro,* 3 Ala. App. 652, 57 South. 138.

2. The facts are that the defendant was indicted for a violation of the prohibition laws. There were two counts to the indictment. In the first count of the indictment, the defendant was charged with an illegal sale of liquor. In the second count, it was charged that the defendant "sold, offered for sale, kept for sale, or otherwise disposed of spirituous, vinous, or malt liquors contrray to law." The defendant pleaded to the indictment the plea of the general issue, and also a special plea setting up the fact that, prior to the finding of the indictment, the defendant had been arrested under an affidavit charging him with having "sold, offered for sale, kept for sale, or otherwise disposed of, spirituous, vinous, or malt liquors in violation of" a town ordinance of the town of Guntersville; that he was tried for said offense—the same *act* for which he was indicted in the present case—by the mayor of Guntersville, was convicted by the mayor of Guntersville, and fined for said violation of said town ordinance the sum of $100; that he appealed from said judgment of conviction to the circuit court of Marshall county, and in said court, at a regular term, upon a proper and legal complaint setting out said ordinance in full and charging a violation thereof by the defendant, the defendant, upon his plea of "not guilty," was legally acquitted by a jury; and that therefore, as in said prosecution by the

town the defendant was prosecuted for the same illegal act for which he was indicted by the grand jury in this case, the defendant is entitld to his discharge because of his former acquittal.

The complaint which was filed in the circuit court in the above case is set out in full in the above plea, and in the plea the ordinance is set out in full . The ordinance so set out is in the identical words of the ordinance which we have declared in section 1 of this opinion was no ordinance.

The state filed a replication to the above plea, and set up the fact that in the above case the defendant was tried by the mayor and by the circuit court for a violation of an alleged ordinance of the town of Guntersville, and not for a violation of a law of the state; that on his trial in the circuit court the defendant was acquitted, because the circuit court held that the ordinance, for a violation of which the defendant was being tried, was a *void* ordinance, and, at its conclusion, the plea alleges that "said ordinance *is invalid and void.*"

A demurrer containing several grounds was interposed by the defendant to the above replication; but if the defendant was tried for violating a *void* ordinance his trial amounted to nothing. If he had been convicted, he would have been discharged upon a petition for a writ of habeas corpus; for his conviction would have been illegal, as he neither lost nor acquired any rights by reason of such trial.—*Carter v. State,* 107 Ala. 146, 18 South. 232; *Horton v. State,* 80 Ala. 8; *Finley v. State,* 61 Ala. 201.

3. That the defendant was arrested for a violation of the ordinance which we have declared void, and that he was tried in the circuit court for a violation of that ordinance, is shown by the pleadings and the judgment entry in that case beyond doubt. That the defendant

could not have been legally convicted of a violation of that void ordinance is also beyond question, and the record discloses that the defendant, under the complaint in the circuit court, *could* not have been legally convicted of the violation of any ordinance, except the one set out in the complaint, unless there was a valid, subsisting one in identically similar language; for the complaint sets out the ordinance, as above stated, in haec verba, and this the evidence utterly fails to disclose. The prosecution by the town was disposed of in the circuit court, and not in the mayor's court; and by the complaint and proceedings in the circuit court the defendant must stand or fall. It is true that the defendant, in effect, says in his argument that there was a valid ordinance of the town of Guntersville prohibiting the sale of liquor, and that *if* the town had proceeded against him under the *valid ordinance,* instead of the *void ordinance,* a conviction might or might not have been obtained, and that therefore he is entitled to be discharged. The difficulty with the defendant's position is that the town of Guntersville, in the complaint filed in the circuit court, set out in haec verba the *ordinance* for a violation of which he was being prosecuted, i. e., the void ordinance, and, having set that out and elected to prosecute the defendant under it, it could ask for a judgment of conviction of no other. "While good pleading did not require the ordinance to be set out in haec verba, it did require that it should be shown sufficiently for the defendant to know *what* by-law he was charged with having violated."—*Rosenberg v. City of Selma,* 168 Ala. 195, 52 South. 742; *Case v. Mayor of Mobile,* 30 Ala. 538; *Bell v. Town of Jonesboro, supra.*

The state was entitled, under all of the tendencies of the evidence in this case, to the general affirmative charge in its behalf, on its replication to the defendant's

13 CA

pleas setting up former acquittal; and the action of the trial court in admitting evidence as to what occurred on the defendant's trial in the prosecution by the town of Guntersville of which the defendant complains was, if erroneous, error without injury.

4. There is nothing in the record indicating that the defendant objected to having his plea of not guilty and his pleas of former acquittal tried by the jury at the same time. While the court might properly have submitted the issues made by the pleas of former acquittal to the jury, and had the jury to pass upon the issues presented by those pleas before submitting to them the issues presented by the plea of "not guilty" (*Reynolds v. State*, 1 Ala. App. 24, 55 South. 1016), the defendant made no request that it be done, and we, therefore, have nothing, on this phase of the case, presented to us for review.

We find no error in the record, and the judgment of the lower court is affirmed.

Affirmed.

### *Violating Prohibition Law.*

