(101 So. 874)
**COOPER v. TOWN OF VALLEY HEAD.
(7 Div. 501.)**

(Supreme Court of Alabama. Nov. 6, 1924.)

**1. Criminal law ⊚⟫304(7)—No judicial notice of organization of town or village under general law.**

Courts took judicial notice of existence and extent of powers of municipal corporations, when created by special charter, evidenced by public act of Legislature, but do not take such notice of organization of town or village under general law, which became sole method of incorporating town by Const. 1901, § 104, subd. 5.

**2. Municipal corporations ⊚⟫589—In exercise of police powers, municipality is public agency.**

Municipal corporation in exercise of its police powers, is essentially public agency, a local unit of government, vested with part of state's sovereign power, for benefit of its inhabitants.

**3. Municipal corporations ⊚⟫18—Court need only ascertain de facto existence on collateral attack.**

Law does not favor collateral attack on municipal corporation in exercise of police powers, and court, in such case, need only ascertain its existence de facto.

**4. Criminal law ⊚⟫304(9)—Judicial notice of general statute authorizing incorporation of municipalities.**

Court will take judicial notice of general statutes authorizing incorporation of municipalities.

**5. Municipal corporations ⊚⟫18—When organization of town subject of evidence, in prosecution for violating penal ordinance, stated.**

Organization of municipality in good faith under general law, colorable compliance therewith, and assumption of corporate powers, may be subject of legal evidence, on issue as to existence thereof, in prosecution for violating penal ordinance.

**6. Quo warranto ⊚⟫47—Court's orders in municipal incorporation proceedings must appear in record.**

In direct attack on existence of municipality by quo warranto, court's orders, in incorporation proceedings, under Code 1907, §§ 1053, 1055, are judicial, and must appear in record to give jurisdiction.

**7. Criminal law ⊚⟫400(3)—Secondary evidence of proceedings to incorporate municipality held admissible.**

In prosecution for violating penal ordinance, secondary evidence of filing, and contents of petition for incorporation of town, issuance and publication of notice of election, and other steps in incorporation, with book of ordinances and minutes of proceedings, which were identified, *held* admissible, on proof of loss of records, as showing bona fide effort by people to incorporate, colorable compliance with law, so far as possible, and setting up of going municipal government, though judge failed to make record of proceedings and proper minute entries.

**8. Municipal corporations ⊚⟫18—Collateral attack on existence should be closely limited.**

In Alabama, where every citizen may use state's name in quo warranto proceedings directly attacking any usurpation of corporate and official power, right of collateral attack on existence of municipality should be closely limited.

**9. Municipal corporations ⊚⟫640—Ordinance must be proven in prosecution.**

Municipal ordinances must be proven, in prosecution for their violation.

**10. Criminal law ⊚⟫429(1)—Code of ordinances, shown on face of book or certified by clerk as official record of ordinances, prima facie evidence of due enactment and publication.**

Under Code 1907, §§ 1220, 1258, 1259, 3989, code of ordinances, shown on face of book, whether in printing or writing, to be official publication or record of ordinances, or certi-

―――

fied as code or ordinance book by clerk, is prima facie evidence of due enactment and publication, as well as continued existence of ordinances therein, and admissible without further proof; but such statutes are cumulative, and do not prevent proof of identity of such code or book by any one knowing fact.

11. **Criminal law ⬡⟶429(1)—Ordinance or record, duly certified by clerk as law, becomes evidence, and his certificate presumptive evidence of facts stated.**

Under Code 1907, §§ 1220, 1258, 1259, 3989, any ordinance or record thereof, duly certified by clerk to be law, becomes evidence, and his certificate of time and manner of publication presumptive evidence of facts therein stated.

12. **Criminal law ⬡⟶430—Printed copy, incorporated in ordinance book, and clerk's certificate of adoption and publication, sufficient "record" of ordinance and certificate.**

Printed copy of ordinance, so pasted in ordinance book as to become incorporated as part thereof, followed by clerk's certificate of adoption, by unanimous vote, of council and publication, constitutes sufficient record of ordinance and certificate, under Code 1907, §§ 1220, 1258, 1259, 3989.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Record.]

13. **Criminal law ⬡⟶429(1)—Ordinance held properly admitted in evidence, in prosecution for violation thereof.**

Penal ordinance *held* properly admitted in evidence, in prosecution for violation, either as part of code of ordinances or as duly certified ordinance, on proof identifying ordinance book as such.

14. **Municipal corporations ⬡⟶106(3) — Ordinance, adopted at meeting at which introduced, without unanimous consent, invalid.**

Code 1907, § 1252, as amended by Acts 1909, p. 197, prohibiting adoption of permanent ordinance or resolution by council at same meeting at which introduced, without unanimous consent to its immediate consideration, etc., is mandatory, and noncompliance therewith fatal to ordinance.

15. **Municipal corporations ⬡⟶100—Entries on council's minutes, showing how many voted for ordinance, passed at meeting at which introduced, held contemplated by statute.**

Code 1907, § 1252, as amended by Acts 1909, p. 197, *held* to contemplate entries on council's minutes, showing whether ordinance was passed at same meeting at which introduced, and how many voted for its passage; record of proceedings relating to enactment of public laws being important.

16. **Criminal law ⬡⟶430—Codified or certified ordinance prima facie evidence of due adoption.**

Under Code 1907, § 3989, codified or certified ordinance is prima facie evidence of its due adoption, in compliance with requirements of section 1252, as amended by Laws 1909, p. 197, without introduction of original ordinance or records of its passage.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Prosecution by the Town of Valley Head against Nevil Cooper, for violation of an ordinance prohibiting intoxication. From a judgment of conviction, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Affirmed.

Isbell & Scott, of Ft. Payne, for appellant.

The organization of the plaintiff municipality being void, its existence could be brought into question by defendant in this case. 28 Cyc. 171. Oral evidence as to the incorporation of the municipality was improperly admitted. Askew v. Hale, 54 Ala. 639, 28 Cyc. 118; West End v. State, 138 Ala. 295, 36 So. 423. The ordinance was void and improperly admitted in evidence. Code 1907, § 1252; 51 Ala. 570; Perryman v. Greenville, 51 Ala. 511; A. C. G. & A. v. Gadsden, 185 Ala. 263, 64 So. 93, Ann. Cas. 1916C, 573; Wiggs v. State, 5 Ala. App. 189, 59 So. 516; Bell v. Jonesboro, 3 Ala. App. 652, 57 So. 138; Clark v. Uniontown, 4 Ala. App. 264, 58 So. 725.

H. T. Bailey, of Ft. Payne, and W. T. Murphree, of Gadsden, for appellee.

A de facto municipal corporation exists where there is a valid statute authorizing incorporation, an organization in good faith under it, a colorable compliance with the law, and an assumption of corporate powers. 28 Cyc. 172. Such a corporation cannot be collaterally attacked. 28 Cyc. 174; 19 R. C. L. 703. Corporate existence can only be assailed by the state, through its proper officers. Barnes v. Kirksville, 266 Mo. 270, 180 S. W. 545, Ann. Cas. 1917C, 1121.

BOULDIN, J. Appellant was convicted of violating a penal ordinance. By sworn plea, the existence of the Town of Valley Head as a municipality was put in issue.

[1] Formerly a municipal corporation was usually created by special grant of the Legislature. The charter being evidenced by a public act of the legislative department of the state, the courts took judicial notice of its existence and the extent of its powers.

Later provision was made for organization, under general law, and by the Constitution of 1901 this became the sole method of incorporating a town. Const. 1901, § 104 (5).

Courts do not take judicial notice of the organization of a town or village under the general law. 22 C. J. p. 91, § 1882.

[2] Still, in the exercise of the police powers conferred thereon, it is essentially a public agency, a local unit of government, invested with a portion of the sovereign power of the state, for the benefit of its inhabitants.

⬡⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] The law does not favor collateral attack on such municipality, while in the exercise of these powers. When its existence as such is challenged, the court need do no more than ascertain its existence de facto.

[4, 5] In defining a de facto municipal corporation, in 28 Cyc. p. 172, it is said that, avoiding extremes on both sides, and taking the concensus of opinion, the essentials are these:

"(1) A valid statute authorizing incorporation; (2) an organization in good faith under it; (3) a colorable compliance with the law; and (4) an assumption of corporate powers."

The court will take judicial notice of the general statutes authorizing incorporation. The other three conditions named may be the subject of legal evidence. What is legal evidence presents the chief question here. Our statutory proceedings for incorporation are begun by petition signed by the required number of qualified voters, setting forth the jurisdictional facts, accompanied by a plat of the proposed corporate territory, filed with the judge of probate. The judge of probate ascertains by proof the fact of residence and qualification of petitioners. Code 1907, § 1053. He then orders an election on the question of "corporation" or "no corporation," and gives the required notice thereof. Code 1907, § 1055.

On coming of the returns, he causes enumeration of the inhabitants, and, on a return thereof, makes "an order to be entered of record on the minutes of the court, that the inhabitants of such territory are incorporated as a town or city; * * * thereupon such town or city shall be vested with the rights and powers herein granted, incident to such incorporations."

[6] In State ex rel. Allen v. Town of Phil Campbell, 177 Ala. 204, 58 So. 905, a direct attack by quo warranto, the orders of the court under the present statute are declared judicial in character. In direct proceedings by quo warranto, these judicial proceedings must speak by the record. The jurisdictional facts must appear. State ex rel. Wagnon v. Town of Altoona, 200 Ala. 502, 76 So. 444.

In the recent case of State ex rel. Cooper v. Ellis (Ala. Sup.) 100 So. 866,[1] a quo warranto proceeding to test the validity of the incorporation of the Town of Valley Head, we held that the court of probate had the inherent power to substitute lost records, and, having done so, it became a corporation de jure.

[7] In the case at bar, the court below, on proof of the loss of the records, admitted secondary evidence of the filing 'and contents of the petition and plat, issuance of the notice of election by the judge of probate and its publication, the election and returns, the enumeration of inhabitants, election of

[1] 211 Ala. 489.

municipal officers, and their assumption of duty. The book of ordinances and minutes of proceedings were identified and admitted as evidence of municipal activity. Notwithstanding a failure of the judge of probate to make a record of the proceedings and the proper minute entries, this evidence was admissible as showing a bona fide effort of the people to incorporate, a colorable compliance with the law, in so far as in their hands, and the setting up of a going municipal government.

[8] In Alabama, where every citizen is vested with the power to use the name of the state in quo warranto proceedings, for direct attack upon any usurpation of corporate and official power, the higher good will be promoted by closely limiting the right of collateral attack upon the existence of a municipality permitted to exist by the state, and to exercise governmental functions. The trial court correctly so held. 19 R. C. L. p. 703, § 14; 28 Cyc. p. 174.

[9] Municipal ordinances must be proven, on prosecutions for their violation.

[10] In Barnes v. Common Council of Alexander City, 89 Ala. 602, 7 So. 437, it was held, in the absence of a statute, that, upon parol proof identifying the ordinance book of the town in which the ordinance was recorded, it became prima facie evidence of the ordinance; that proof of the existence and identity of the ordinance offered was all that is required, until some showing is made that there was irregularity in the enactment of the ordinance; and that, upon such showing being made, recourse should be had to the journals of the town meeting, and from them it must appear that every essential step in the enactment of the law has been taken. This case arose prior to the Act of February 18, 1895, now section 3989 of the Code of 1907. This later statute, appearing in the chapter on Documentary Evidence, declares ordinances self-proving in two classes of cases: (1) A printed code or revision of by-laws or ordinances (a) purporting, on the face of the book, to be printed by authority, or to be a code of by-laws or ordinances of the municipality, or (b) when the book has thereon the certificate of the clerk or recording officer under his hand that it is an official publication of ordinances of the municipality; (2) any ordinance or by-law certified by such official as correct. These are made "prima facie evidence of the due adoption and continued existence of the by-laws or ordinances therein printed, or so certified as correct, without further proof."

Section 1258, Code of 1907 (Acts 1915, p. 735), provides for publication and recordation of ordinances. The certificate of the clerk appended to the record, stating the time and manner of publication, is made presumptive evidence of the facts therein stated.

Section 1259 makes ordinances, purport-

ing to be published by authority of the council in book or pamphlet form, competent evidence, without 'further proof.

Again, section 1220 of the Code of 1907 provides:

"On the trial of any cause in any court, any code or book containing the ordinances or resolutions of the city or town, and purporting on the face thereof to be written or printed by the authority of the council, and any ordinance or resolution certified by the clerk to be a law, shall be received as evidence of the contents thereof without further proof."

[11] Construing these several statutes together, a code of ordinances, whether printed or written, shown upon the face of the book to be an official publication or record of ordinances, or certified by the clerk to be such code or ordinance book of the municipality, is prima facie evidence of the due enactment and publication, as well as continued existence, of the ordinances appearing therein, and admissible in evidence without further proof. These statutes are cumulative, and do not prevent proof that such code or ordinance book is such by any person having knowledge of the fact. A further effect of these statutes is that any ordinance or record thereof, duly certified by "the clerk to be a law," shall become evidence, and his certificate of the "time and manner of publication * * * shall be presumptive evidence of the facts therein stated."

[12] A printed copy of the ordinance, so pasted in the ordinance book as to become incorporated as a part thereof, followed by the certificate of the clerk, showing its adoption by unanimous vote of the council and its publication, constitutes a sufficient record of the ordinance and certificate thereto under the foregoing statutes. 2 McQuillan, Municipal Corp. § 863; Ewbanks v. Ashley, 36 Ill. 177.

[13] Upon proof identifying the ordinance book as such, the ordinance in question was properly admitted in evidence, either as part of a code of ordinances, or as a duly certified ordinance.

[14] But the point is made that the legal enactment of the ordinance is disproven by the record. This insistence rests upon the construction of section 1252, Code of 1907, as amended by Acts 1909, p. 197, which provides:

" * * * No ordinance or resolution intended to be of permanent operation shall be adopted by the council at the same meeting at which it is introduced, unless unanimous consent of those present is given for the immediate consideration of such ordinance or resolution, such consent to be shown by a vote taken by yeas and nays, and the names of the members voting to be entered upon the minutes, and no ordinance or resolution intended to be of permanent operation shall become a law unless on its final passage a majority of the members elected to said council in cities of over six thousand inhabitants, or the mayor and three aldermen or four aldermen in cities of less than six thousand inhabitants in towns, shall vote in its favor."

These provisions of the statute are mandatory. Noncompliance therewith is fatal to the proposed ordinance. Wiggs v. State, 5 Ala. App. 189, 59 So. 516; Clark v. City of Uniontown, 4 Ala. App. 264, 58 So. 725; Bell v. Town of Jonesboro, 3 Ala. App. 652, 57 So. 138.

[15] The record before us recites that the minute book was produced, and the only entry thereon, relating to the ordinance involved is this:

"On January 6, 1922, the town council met in Mayor Culberson's office and passed the following ordinance."

A printed copy was attached to the minute book below this entry. The minutes do not show whether the ordinance was introduced at a former meeting, nor how many voted for it on passage. Parol proof was allowed to show it was introduced at a previous meeting. The statute requires that unanimous consent by yeas and nays to its immediate consideration must be entered on the minutes. Clearly, if the minutes showed it was passed at the same meeting it was introduced, the failure to show unanimous consent required would be fatal.

Does the statute contemplate the minutes shall show whether it was passed at the same meeting, and how many voted for its passage? We think such entries on the minutes are contemplated by this statute. A record of proceedings relating to enactment of public laws is of importance. Such proceedings should not rest upon the uncertainty of parol testimony.

[16] But the final question is: Does the statute imply, as a necessary condition to the enactment of a valid ordinance, that the minutes shall show it was introduced at a former meeting, or else unanimous consent obtained by yeas and nays, and shall further show the vote on final passage?

Looking to section 1252 alone, we should be inclined to so construe it. But we must consider it in connection with the other provisions above discussed. Section 3989, Code of 1907, declares expressly that a codified or certified ordinance shall be evidence, not only of its existence and its contents, but also of its "due adoption."

These statutes create cumulative, documentary, or record evidence. They aim to avoid the inconvenience and delay of procuring the original approved ordinance, or the minute records of its passage. Made prima facie evidence within themselves, it seems they supply any omissions in minute entries not expressly required by law, and place the burden of proof on any one who assails the "due adoption" of the ordinance.

Considering the statutes as a whole, we

conclude the ordinance was properly admitted the case at bar. 2 McQuillan, Municipal Corp. §§ 866, 676; 7 McQuillan, Municipal Corp. (Sup.) § 866; 22 C. J. p. 794, § 905; Payne v. Roy, 206 Ala. 432, 90 So. 605; Douglass v. Central of Ga. Ry. Co., 201 Ala. 395, 397, 78 So. 457; So. Ry. Co. v. Weatherlow, 153 Ala. 171, 44 So. 1019; Montgomery. St. Ry. Co. v. Smith, 146 Ala. 316, 39 So. 757; Selma Street & Suburban Ry. Co. v. Owen, 132 Ala. 420, 31 So. 598; Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

