120 So.2d 899

Raymond W. CHADWICK

v.

TOWN OF HAMMONDVILLE.

7 Div. 478.

Supreme Court of Alabama.

May 26, 1960.

H. T. Foster and John B. Tally, Scottsboro, for appellant.

W. M. Beck and Leonard Crawford, Fort Payne, for appellee.

**620**

·STAKELY, Justice.

This action was commenced on a bill of complaint filed by the Town of Hammondville, Alabama, a municipal corporation, against Raymond W. Chadwick. Among other things the bill alleges that the complainant as a municipal corporation did under legal authority levy a privilege license tax on persons, firms, corporations, etc., engaged in the business of selling or distributing gasoline or other liquid motor fuels and kerosene oil in the corporate limits of the Town of Hammondville, Alabama, and its police jurisdiction. It further alleges that the privilege license tax was in force and effect at the time of the filing of the bill and that the privilege license tax was fixed at an amount equal to one cent per gallon within the corporate limits of Hammondville, Alabama, and at the sum of one-half cent per gallon sold or delivered without the corporate limits and within the police jurisdiction of said municipality.

· It is further alleged that the respondent is engaged as a retail dealer in the business of selling and distributing gasoline within the police jurisdiction of the aforesaid town and has been so engaged since about July 18, 1955 and that the complainant has made numerous demands upon respondent to pay the aforesaid taxes but that the respondent has failed or refused to pay the same and that such taxes are due and delinquent.

The bill shows that the action was brought under the provisions of Chapter 15, Article 4, Title 37, Code of 1940.

Among other things the bill prays that upon final hearing the court will enter a decree holding and declaring that the complainant as a municipal corporation did under legal authority levy a privilege tax on persons, firms or corporations engaged in the business of selling and distributing gasoline and other liquid motor· fuels and kerosene oil within the corporate limits and police jurisdiction of the Town of Hammondville, Alabama, and praying for a temporary injunction restraining and preventing the respondent from engaging in the business of selling or distributing gasoline within the police jurisdiction of the Town of Hammondville until the privilege taxes due and delinquent have been determined and paid and further praying that the court directly or by reference to the register ascertain the amount due from the respondent to the complainant for said privilege license taxes on liquid motor fuels and kerosene oil sold or distributed by the respondent and that the court enter a judgment against the respondent for the amount found to be due from the respondent to the complainant.

A number of special pleas were filed by the respondent raising the propositions in substance that the Town of Hammondville, Alabama, is not a municipal corporation, that the incorporation of the town is illegal and void and that at the time of the purported incorporation there were not 100 citizens resident within the geographical area sought to be incorporated as the Town of Hammondville, that the ordinance purporting to provide for the taxes is an

ordinance of general or permanent nature and was not posted or published as required by Title 37, § 462, Code of 1940, that the ordinance does not have appended to it a certificate of the town clerk stating that the time and manner of publication of said ordinance was in accordance with § 462, Title 37, Code of 1940, that the ordinance was passed for the purpose of raising the general revenue of the Town of Hammondville, that the ordinance is unconstitutional, illegal, invalid and void as being clearly disproportionate to the reasonable costs of the expenditures incurred by the Town of Hammondville in the exercise of its municipal supervision within the police jurisdiction.

After consideration of the testimony the court entered a decree in which it was ordered, adjudged and decreed that the complainant is entitled to the relief as prayed for in the complaint. It was therefore ordered, adjudged and decreed that the respondent be enjoined and restrained from further operating his business of selling or distributing gasoline for which a license is required under the town ordinance of the Town of Hammondville, Alabama, until further orders of the court or until the respondent shall have executed a bond in the sum of $2,000 with sufficient surety thereon, to be approved by the register of the court and conditioned to pay such lawful judgment and lawful court costs as the court upon final hearing may render against respondent as provided by § 764, Title 37, Code of 1940. It was further ordered, adjudged and decreed that the register hold a reference for the purpose of ascertaining and determining and reporting to the court the total amount due by the respondent to the complainant as privilege license taxes due by him to the Town of Hammondville, Alabama, on the sale and delivery of gasoline sold or delivered by him beyond the corporate limits and within the police jurisdiction of the aforesaid town from July 18, 1955, until the 3rd day of April, 1957, claimed at the rate of ½ cent per gallon so sold and delivered.

It was further ordered, adjudged and decreed that the register make his report to the court on his findings and that all other matters including the taxation of costs are held open until the coming in of the register's report.

The aforesaid decree was rendered on September 4, 1959, and the appeal to this court was taken on the 8th day of September, 1959, The cause here is submitted on a motion to strike the appeal and on the merits.

On the Motion to Strike the Appeal.

It is insisted by the appellee that the appeal has been taken from a decree which shows on its face that it is not a final decree and being only an interlocutory decree, the appeal must be dismissed.

We find no merit in the motion. Section 1057, Title 7, Code of 1940, provides for an appeal to this court within ten days from an order granting or refusing the writ of injunction. The appeal in the instant case was taken within the ten days allowed by the statute from the order granting the injunction. Lest we be misunderstood, however, we further say that in an equity case there can be more than one final decree. It is settled that where a decree is entered settling the equities between the parties and the principles on which the relief is granted or determined, it is a final decree which will support an appeal, although it orders an account to be taken or other proceedings to be had to carry it into effect. The decree in the instant case is a final decree and will support an appeal even though the cause is still in fieri awaiting the report of the register for the determination of the amount of taxes due and for the purpose of entering a decree for the amount of taxes due and delinquent and of taxing the costs. O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Moorer v. Chastang, 247 Ala. 676, 26 So.2d 75; Mitchell v. Williams, 264 Ala. 192, 86 So.2d 369.

The motion is denied.

## On the Merits

Three propositions are stated by the appellant as grounds for reversal of the decree. (1) It is insisted that there is no proof that the Town of Hammondville, Alabama, is a municipal corporation. (2) It is argued that the ordinance involved is an ordinance of general or permanent nature and was not posted or published as required by § 462, Title 37, Code of 1940. (3) The ordinance is unconstitutonal, illegal and invalid being clearly disproportionate to the reasonable cost of expenditures incurred by the Town of Hammondville in the exercise of its municipal supervision within its police jurisdiction.

■ I. It is settled that public policy in this state is against the forfeiture of the charter of a municipal corporation if it can be sustained within the law and a presumption will be indulged in its behalf and especially is this true where the people of a community have organized themselves into a public corporation to secure for themselves better protection against disorder. State ex rel. Cooper v. Ellis, 211 Ala. 489, 100 So. 866. Further the law does not favor collateral attack on a municipal corporation in the exercise of police powers and the court in such cases need only to ascertain its existence de facto. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874, 875.

■ We have carefully examined the testimony in this case and consider that it shows that the Town of Hammondville is an incorporated municipality and has been operating as such since its incorporation during the year 1937. Nothing further need be said as to this feature of the case.

■ II. It has been determined that when a city passes an ordinance, the presumption applies that the city did what was necessary to make that ordinance valid and when a city ordinance is not invalid on its face, the burden of alleging and proving facts to support the claims of invalidity, is on the party so asserting. Homan v. State ex rel. Smith, 265 Ala. 17, 89 So.2d 184; Rose v. City of Andalusia, 249 Ala. 333, 31 So.2d 66.

■ We further point out that what is now § 462, Title 37, Code of 1940, provides that all general ordinances shall take effect five days after publication, except as otherwise provided, and a further provision for recording is merely directory and an ordinance duly passed and published becomes effective although not recorded and certified by the clerk. Cooper v. Town of Valley Head, 212 Ala. 125, 101 So. 874; Clark v. City of Uniontown, 4 Ala.App. 264, 58 So. 725; Bell v. Town of Jonesboro, 3 Ala.App. 652, 57 So. 138.

■ Presumptions are indulged in favor of the legal exercise of the authority of municipal corporations. State ex rel. Martin v. City of Gadsden, 216 Ala. 243, 113 So. 6.

■ Mrs. Geneva Smith, Clerk of the Town of Hammondville, testified that the ordinance was posted as required by law. Alva H. Hammond, Mayor of the Town of Hammondville, testified that the ordinance was posted at three public places as required by law immediately after its passage. There was introduced in evidence a certified copy of the original ordinance with the certificate of the Town Clerk, Mrs. Geneva Smith, of the passing and publication of the ordinance as required by law. Chris Johnson, one of the Aldermen, testified that the ordinance was posted as required by law.

In Bell v. Town of Jonesboro, 3 Ala. App. 652, 57 So. 138, an ordinance offered in evidence had at the end thereof the following recital, "Adopted Feb. 15, 1910, J. D. Martin, mayor." It was identified as an ordinance mentioned in the minutes as to publication as required by law. In this case it was held that such method of identifying the recorded action of the city council was proper.

We consider that the ordinance complied with the requirements of § 462, Title 37, Code of 1940.

III. It is argued by the appellant that the legislature is without authority to authorize the levy of a tax for revenue on business or occupations not carried on within the corporate limits, as this would amount to taxation without representation and the taking of property without due process of law, and for uses not authorized by the constitution. Alabama Power Co. v. City of Carbon Hill, 234 Ala. 489, 175 So. 289; Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306.

■ But it is equally well settled that municipalities have the right to enact a license tax on businesses located and conducted in their police jurisdiction as a reasonable and proper exercise of their right and duty to regulate or supervise them in that territory in amounts reasonably necessary to defray the cost of such regulation or supervision. Van Hook v. City of Selma, 70 Ala. 361, 45 Am.Rep. 85; City of Prichard v. Richardson, 245 Ala. 365, 17 So.2d 451; City of Prichard v. Hawkins, 255 Ala. 676, 53 So.2d 378; Franks v. City of Jasper, 259 Ala. 641, 68 So.2d 306. Furthermore in view of the foregoing principles the burden rests upon the licensee to demonstrate any claim of invalidity. Franks v. City of Jasper, supra; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658. And the courts will not scrutinize the amount of the tax too narrowly. City of Andalusia v. Fletcher, 240 Ala. 110, 198 So. 64.

■ The only evidence claimed to support the position of the appellee is the uncertain testimony of Geneva Smith, the Town Clerk, who first said that the proceeds of this tax was for paving and street lights and then said that the tax was to be used for only legal purposes. There is no testimony that the proceeds of the license taxes from the police jurisdiction have been used for illegal purposes and there is no testimony that any taxes collected from the appellant have been so used.

As we have seen, the appellant has paid no such taxes. We see no reason at this stage of the proceedings for us to hold that taxes which may be collected from him will be illegally used. It should be pointed out here that in its decree the court made no mention of this ground as the appellant's basis for his claim that the ordinance was illegal and void. Authorities supra.

There is no denial in the record anywhere by the appellant that he has failed to pay the taxes imposed by the ordinance, which is the basis of this suit.

We have reached the conclusion that the decree of the trial court should be affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.