ROBERT M. PARKER, Retired Circuit Judge.
This is a divorce case.
Appellant and appellee were divorced on September 8, 1977, with custody of minor child awarded to appellee and appellant was ordered to pay $35 per week for child support. After a period of time the parties tried to “work out their differences” and cohabited on at least three different occasions, for various lengths of time, the longest being about one year, and this ceased by October, 1980. Appellee married Frank Casey on July 20, 1981. There was discord between appellant and appellee and appel-lee filed for modification of the divorce judgment on June 24,1981, but dismissed it on July 7,1981, and on August 28,1981, she again filed for modification of the divorce judgment. On March 3, 1982, appellant filed a divorce action against appellee alleging a common-law marriage. These actions were consolidated for trial on April 16, 1982, and trial was held on May 13,1982. A judgment was entered in the divorce action on September 16, 1982, which denied the existence of a common-law marriage upon which to grant a divorce. The modification was not ruled on and the trial judge vacated his office in January, 1983. A pretrial order on the modification was entered by the successor judge and further testimony was taken on March 8, 1983; on March 14, 1983, a judgment was entered setting visitation rights and a judgment in the sum of *166 $4,400 was entered against appellant for child support arrearage. On March 14, 1983, appellant filed a rule 60(b), A.R.Civ.P., motion and motion for new trial in his divorce action. After argument of counsel, the trial judge denied both motions.
Appellant alleges in his rule 60(b) motion that he did not receive notice of entry of judgment in his divorce case as required by rule 77(d), A.R.Civ.P. In denying this motion the trial court found, as a fact, that the appellant was personally given a copy of the judgment and a copy of the judgment was mailed to appellant’s attorney on September 20,1982. This was sufficient notice under rule 77(d) and this contention is without merit.
Appellant further alleges that the judgment of September 16, 1982, is not an appealable order as all issues tried were not adjudicated in that order. The test of the finality of a decree sufficient to support an appeal is that it ascertains and discloses the rights of the parties and settles the equities and is not controlled by the fact that the cause remains in fieri in respect to other matters. Miles v. Bank of Heflin, 295 Ala. 286, 328 So.2d 281 (1975); McCullough v. Roberts, 290 Ala. 303, 276 So.2d 425 (1973); Carter v. Mitchell, 225 Ala. 287, 142 So. 514 (1932). In an equity case there can be more than one final judgment. Chadwick v. Town of Hammondville, 270 Ala. 618, 120 So.2d 899 (1960). Separate cases that are consolidated for trial still retain their separate identity. Oikarinen v. Alexian Brothers, 342 F.2d 155 (3d Cir.1965).
In this case the judgment in the appellant’s case alleging a common-law marriage was a final judgment and would support an appeal even though the appel-lee’s modification motion still awaited determination by the court. This contention, therefore, is without merit.
Appellant further contends the trial court erred in granting judgment against appellant in the sum of $4,400 for child support arrearage, as the parties had reconciled and entered into a common-law marriage. After an ore tenus hearing the trial court did not find a common-law marriage existed. That judgment is presumed correct and will not be reversed on appeal unless so unsupported by the evidence as to be plainly and palpably wrong and unjust. In reviewing the record there is ample evidence to support the trial court’s judgment and that judgment is dispositive of the common-law marriage defense for failure to pay child support. Waters v. Waters, 387 So.2d 838 (Ala.Civ.App.1980).
For the foregoing reasons, the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.