70 So.2d 625

McINNIS et al. v. SUTTON et al.

4 Div. 660.

Supreme Court of Alabama.

Oct. 29, 1953.

Rehearing Denied March 11, 1954.

J. Hubert Farmer, Dothan, for appellants.

W. R. Martin, Ozark, for appellees.

PER CURIAM.

This is a suit in equity which seeks a division of the land and effects of John W. Glenn who died intestate May 27, 1936, owning a certain eighty acres of land and an undivided one-half interest in another forty acres, together with forty head of

hogs, one mule, one tractor, one sawmill, a number of cattle, much farm equipment and farm tools. The other undivided half interest in said forty acres was owned by the descendants of John W. Glenn before he died. After his death his heirs owned the three forties. The bill does not allege that no administrator has been appointed on his estate.

A deed dated January 8, 1935, purporting to have been executed by John W. Glenn was in possession of Charlie G. Glenn, one of the heirs, and was recorded May 29, 1937 after decedent's death.

It was alleged and proven to the satisfaction of the trial court that said deed was a forgery made for the purpose of defrauding the claim of a bank against the estate and enabled the grantee to settle that claim for a small part of it.

The bill alleges that after the death of John W. Glenn his heirs designated appellant Charlie G. Glenn to manage the estate for their joint benefit, sell the personal property, look after the timber and rent the land; that he sold the personal property and timber on the land; that Charlie G. Glenn and another respondent Walter J. Glenn have each rented and cultivated a part of the land. The prayer, among other things, is to make Charlie G. Glenn and Walter J. Glenn account for their "stewartship" of the estate of John W. Glenn, after holding the deed to have been a forgery, and seeks a sale of the land for division.

The cause reached an issue, and it was set down for trial on motion of complainants under Rule 60 of Equity Practice, Code 1940, Tit. 7 Appendix. Complainants proceeded to introduce their evidence, consisting of the testimony of witnesses. Respondents asked for and received an extension of the time for taking their testimony, but did not do so, and the cause was submitted for a decree without any testimony submitted by respondents. There was a final decree in due course, vacating the purported deed dated January 8, 1935, and declaring that Charlie G. Glenn and Walter

J. Glenn had been acting as the agents and trustees in the management of the estate of John W. Glenn. A reference was ordered to determine the amount due to said estate or to the heirs of said decedent by virtue of said "trusteeship thereof and management thereof". The decree also ordered the land sold for division after adjudging the proportionate interest of each of the heirs of the estate. A motion was made by respondents to vacate and set aside that decree and give them time to take testimony. This motion was denied and overruled by the court.

On the day before the date of the decree there appears a motion by respondents seeking another extension of time in which to take their testimony. It does not appear that this motion was called to the attention of the trial judge until after the date of his final decree. In denying the motion to set aside the final decree the court referred to the original motion (supra) and overruled it. The appeal purports to be from the final decree and from that which denied the motion to vacate the final decree. An appeal does not lie from a decree denying a motion to vacate the final decree, Equity Rule 62, unless it is based on the invalidity of it. Ingalls v. Ingalls, 257 Ala. 521, 59 So.2d 898; Id., Ala.Sup., 65 So.2d 199;[1] Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116. That is not the nature of the motion here made. Therefore, that motion cannot be reviewed on this appeal. So that, we cannot consider the second, third and fifth assignments of error.

The first assignment of error relates to the decree overruling appellants' demurrer to the amended bill: the fourth assignment relates to the final decree. In respect to the first assignment, it is argued that the bill as amended shows on its face that the claim is barred by the ten year statute of limitations, and that it also shows that complainants came into court with unclean hands.

The bill is in some respects similar to that in our case of Jones v. Baswell, 246 Ala.

1. 259 Ala. 80.

410, 20 So.2d 715. But there is an absence of allegation that there are no debts owing by the estate and that there has been no administration of it, necessary to make the bill free from demurrer insofar as a distribution is sought of the personal effects of the estate. But the demurrer does not go to that defect: neither does the argument. And it has no application to that feature of the bill which seeks a sale of the land for partition.

In this respect the bill in amended paragraph four alleges that after the death of said John W. Glenn, the heirs of his estate being complainants and respondents, by agreement designated Charlie G. Glenn to manage the estate for the benefit of all the joint owners and tenants in common. This they had a right to do without an administrator, subject to the claims of creditors. Charlie G. Glenn was not acting without authority and not therefore as an executor de son tort or trustee in invitum, and not subject to section 117, Title 61, Code. To be so, he must be in the attitude of one acting without authority. Johnston v. Johnston, 256 Ala. 485, 55 So.2d 838, and cases there cited. In that case it was pointed out that the bill showed a recognition of the trust by the respondent. As long as that continued, neither limitations nor laches had a field of operation. The statute of limitations to a suit for the recovery of property and the principle of adverse possession are inseparably connected, and it does not begin to run until the possession becomes adverse. As long as complainants are led by respondents to believe that the possession by respondents is in recognition of complainants' right to such property, the cause of action for the recovery of the property does not accrue and adverse possession essential to the statute of limitations as a defense to a suit for that property does not begin to run. Those principles are declared in Van Antwerp v. Van Antwerp, 242 Ala. 92 (32 to 38), 101, 5 So.2d 73. They have direct application to this case. The argument is as to the demurrer to the bill. But the bill does not show that for six or ten years, respectively, before it was filed, defendant Charlie G. Glenn repudiated, as to the personalty or realty, what is alleged to have been a conventional arrangement in respect to the handling of the property by which arrangement he was to act for the other heirs.

There is no merit in the contention that complainants have come into court with unclean hands in respect to the forgery of the deed. Complainants had nothing to do with the forgery and it is not claimed that they did. But it is contended that they are affected by the principle that "any unconscientious conduct connected with the controversy to which he is a party will suffice to deny him relief." Anders v. Sandlin, 191 Ala. 158, 67 So. 684, 685. But complainants are not subject to the principle merely because they incidentally reaped benefits from the transaction, in that such forged deed was intended by respondents to defraud the bank into settling, for a nominal sum, a large debt owing by decedent and did accomplish that result. But there is nothing to show that complainants had anything to do with the forgery or its use in accomplishing the result attained. They are only consequential beneficiaries of the fraudulent conduct of defendant Charlie G. Glenn. The bill as amended contains nothing charging complainants with the fraudulent use of the forged deed knowing it to be so, and if complainants have unclean hands in that connection it is not shown in the bill making it subject to demurrer. But the unconscionable character of the transaction on complainants' part need not be pleaded or set up as a defense to support evidence of unclean hands for this may be applied by the court sua sponte. 30 C.J.S. Equity, § 97, page 487; Baird v. Howison, 154 Ala. 359, 45 So. 668. The evidence does not show that complainants stand in that attitude.

There is no contention that there is error in respect to the rendition of the final decree which has not been embraced in this discussion.

There is no merit in the assignments as argued, and the decree should be affirmed.

The foregoing opinion was prepared by Foster, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

The decree of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.