121 So.2d 904

William Mixon MOORE

v.

Marion HAWK.

4 Div. 21.

Supreme Court of Alabama.

June 30, 1960.

J. Hubert Farmer, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

STAKELY, Justice.

William Mixon Moore (appellant) filed a bill in equity to set aside a mortgage foreclosure by Marion Hawk (appellee) on the ground that the mortgage debt had been fully paid or that the price realized at the foreclosure sale was so grossly inadequate that he should be permitted to redeem.

The case came here for the first time on appeal and this court found that "the evi-

dence is so indefinite and uncertain that we deem it best to remand the cause so that testimony in regard to this question of payment may be made more certain and satisfactory." Hawk v. Moore, 260 Ala. 228, 69 So.2d 419, 420.

On the second trial of the case the question was limited to whether the mortgage debt had been fully paid prior to the foreclosure and this court affirmed the decree of the lower court which held that the mortgage foreclosure deed should be set aside because the debt secured by the mortgage had been fully paid before the foreclosure and further held that the complainant was entitled to recover the reasonable rents of the property from June 4, 1943, to the effective date of its decree on June 5, 1958, less reasonable costs of necessary repairs made after the date of the foreclosure deed and less taxes paid since that date. Hawk v. Moore, 269 Ala. 380, 113 So.2d 355.

Thereafter on September 25, 1959, a reference before the register in line with the final decree of June 5, 1958, was held. When the report of the register was filed both parties filed exceptions thereto. By decree dated October 26, 1959, the exceptions were denied except as we shall show and the report of the register confirmed except as we shall show. It is from this last mentioned decree that this appeal has been taken.

The case is here submitted on appellant's motion to strike certain portions of the transcript, appellant's petition for a writ of mandamus in the alternative and on the merits.

I. The motion to strike a certain portion of the transcript is based on the theory that this court should strike from the transcript everything preceding the final decree of June 5, 1958, except that part showing the organization of the court. We find no merit in the motion and accordingly the motion is denied. There was no agreement that the record be abridged as provided in Rule 26, Revised Rules of Practice of the Supreme Court, Title 7, 1955 Cumulative Pocket Part, p. 231, Code of 1940. The transcript was made up in accordance with § 767, Title 7, Code of 1940.

II. We deny the petition for the alternative writ of mandamus because we have here an appeal which presents an adequate remedy for the appellant. As we have often said, there can be more than one appeal from a decree in the equity court. And where something is left in fieri which calls for a further order of the court the court has jurisdiction to enter a decree thereon. O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Mitchell v. Williams, 264 Ala. 192, 86 So.2d 369; Chadwick v. Town of Hammondville, ante, p. 618, 120 So.2d 899.

III. The result is that we have before us a report of the register with exceptions thereto confirmed by the lower court with the exception to which we shall refer. The reference was held to determine the reasonable rental value of the house and lot belonging to William Mixon Moore (appellant) and involved in this suit less the reasonable costs of the necessary repairs made to the house for the period involved together with the accrued taxes and interest thereon paid by Marion Hawk (appellee).

We have read the report of the register and the evidence taken in connection therewith but we see no reason to set the evidence forth in detail here. Caples v. Young, 206 Ala. 282, 89 So. 460.

The witnesses were examined orally before the register and so we indulge the presumption that his report is correct. Ex parte Stricklin, 250 Ala. 291, 34 So.2d 207. Since we do not think that the finding of facts by the register is clearly wrong, the report will not be disturbed. Ex parte Harris, 228 Ala. 88, 152 So. 449.

Suffice it to say that the court found that the reasonable rental value of the

house and lot belonging to William Mixon Moore from June 4, 1945, to and including the time of the decree is the sum of $1347.-95, and the reasonable cost of the necessary repairs made to the house and lot for the aforesaid period of time together with the accrued amount of taxes and interest thereon paid by Marion Hawk is the sum of $560.49, which said amount is allowed by the court as reasonable and deductible from the rental value of the property, leaving a net rental value for the aforesaid period amounting to the sum of $787.46.

We do call attention to this specific portion of the court's decree which we quote as follows:

"It appears from the proceedings in this case that a final decree of this Court was appealed to the Supreme Court of Alabama and was affirmed by the said Supreme Court of Alabama on the 21st day of May, 1959; and thereafter affirmed on application for rehearing, and pending said appeal, and in fact, during all the time that this case has been pending in the Circuit Court of Houston County, in Equity, since April 22, 1949, there was outstanding a deed to a one-half interest in and to the property involved in this case executed by the plaintiff to Ruth Berry and John H. Berry; that on the trial of this cause prior to the rendering of the decree which was appealed to the Supreme Court of Alabama, John H. Berry, one of the grantees in said deed to said one-half interest, was a *witness* for the Plaintiff; that he was an *uncle* of the plaintiff, and that Ruth Berry was his wife; that they held the said deed conveying the said one-half interest to them without any notice of its existence to this Defendant, and without recording the same in the office of the Judge of Probate until after the decree of the Court had been affirmed by the Supreme Court of Alabama.

"The Court does not know and can not surmise that the Plaintiff or his uncle, John H. Berry, who had been his witness on the main trial of this cause, had any reason to keep secret from the Defendant in this cause the existence of any such deed to a half interest in and to the property involved. However, it is the opinion of the Court that the Plaintiff should have revealed to this Court the existence of such deed, and the withholding of that knowledge and the recording of such paper until after the original decree had been affirmed by the Supreme Court of Alabama was not open, above board and altogether fair to the Court; and that whatever may have been the motives for the withholding of said papers from recordation, that it was not such an act as can be, at this time, condoned or complimented by this Court. The Court is inclined to the belief and opinion that the motives behind the keeping secret of such deed to the one-half interest to the property involved was not in keeping with the demands on the Plaintiff, who goes into Court seeking equity.

"While the Court is aware of the fact that the Defendant should not be excused from paying his just debts, to whomsoever they belong, yet, the Court is also aware of the fact that had the true owners or claimants of the one-half interest come forward at the proper time and set forth their rights in and to the property, the Defendant might have possibly had some defense against their claims, either by set-off, or otherwise, and the Court does not now desire to try to solve all of the problems that might arise by reason of laches, statute of limitations, or any other defense that might have existed, had the true facts been known and presented at the proper time.

"The Court is therefore of the opinion that the Plaintiff in this case should be penalized for his failure to reveal all of the existing conditions at the time of the trial of this cause prior to

the original appeal, and therefore, it is the opinion of the Court that the Plaintiff in this case is only entitled to one-half of the rental value of the property during the time that he has held it after deducting the necessary expenses for repairs and taxes, now, therefore;

"It Is Ordered, Adjudged and Decreed By the Court That the net rental value of the property involved in this case, after deducting the cost of repairs, taxes and interest thereon, is the sum of $787.46, and that the Plaintiff in this cause is entitled to one-half thereof, or the sum of $369.73.

"It is ordered by the Court that the Defendant in this cause, Marion Hawk, pay to the Register of this Court the said sum of $369.73 for the Plaintiff, William Mixon Moore, within ten days from notice of the rendition of this decree, unless this order is superseded by an appeal, and the Register is hereby directed to pay the said sum of $369.73 to the Plaintiff in said cause or to his attorney of record. * * *."

■■ It is argued in behalf of appellant that the present action is comparable in its inherent nature to an action at law in ejectment. Alexander v. Letson, 242 Ala. 488, 7 So.2d 33. And that a tenant in common as against a stranger may maintain ejectment with a recovery of damages for use and occupation for the benefit of all. Lathem v. Lee, 249 Ala. 532, 32 So.2d 211. We are not impressed with this argument. The ancient maxim that "He who comes into equity must do so with clean hands," is not so much concerned with the determination of the legal rights of the parties, as in an action of ejectment, as it is in promoting fair play and justice in a court of equity. The use of this maxim by the trial court was a matter peculiarly within the sound discretion of the court. Butler v. Wilson, 237 Ala. 312, 186 So. 687. As indicating the extent of this discretion, it is based on a principle which

may be applied sua sponte by the court. McInnis v. Sutton, 260 Ala. 432, 70 So.2d 625. We are not disposed to disturb the ruling of the trial court in this respect. We do not mean by this opinion to determine the rights of other cotenants, if any, to the net rentals found by the court.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.