240 So.2d 660

**J. T. DANIEL**

v.

**Mary Alice HAGGINS et al.**

5 Div. 897.

Supreme Court of Alabama.

Nov. 5, 1970.

Russell, Raymon & Russell, Tuskegee, for appellant.

**410**

William C. Hare and H. N. Segrest, Tuskegee, for appellees and intervenor.

McCALL, Justice.

This suit, brought in equity by the appellant, J. T. Daniel, seeks a sale of a tract of land, containing 10.31 acres, more or less, for a division of the proceeds among tenants in common. The respondents are the five children of the intervener in the case, Alice L. Haggins, now Thomas, and her deceased former husband, Edmond D. Haggins. At the time of his death intestate, in 1957, Edmond owned an undivided one-half interest in the tract as a tenant in common with his brother C. M. (Mitchell) Haggins, who owned the other one-half interest.

The complainant avers in his bill that the interest of Alice L. Haggins, the intervener, is a homestead interest in the real property, held in common with her minor children, and that the said property descended by virtue of the homestead exemption laws to the widow and minor children so that each of them has an undivided one-sixth interest in Edmond D. Haggins' one-half interest, or a one-twelfth, each, in the tract.

The appellant, Daniel, claims an undivided seven-twelfths fractional interest in the subject tract under a deed executed to him jointly by C. M. (Mitchell) Haggins and Alice L. Haggins, now Thomas, the widow of Edmond, as grantors, on May 26, 1962, purporting to convey to him a full fee simple title to twenty acres, which embraces the 10.31 acres, now sought to be sold for division.

Alice L. Haggins, who was allowed to intervene in this suit, alleges in her bill that the deed, which she and C. M. (Mitchell) Haggins executed to Daniel on May 26, 1962, attempting to convey the subject property, was void as to her, because she was then a married woman and her present husband did not join with her in the execution of the deed as required by Tit. 34, § 73, Code of Alabama, 1940, as amended.

Under the intervener's challenge to the validity of the deed to Daniel, we agree with the trial court's holding that it was void as to the grantor, Alice L. Haggins, and conveyed no interest of hers to Daniel. She was, on May 26, 1962, at the time of her abortive execution of the instrument, a married woman living with her husband, Willie Lee Thomas. He was shown by the undisputed evidence to be free from the exceptions or disqualifications, noted in this statute, Tit. 34, § 73, which would absent the requirement of his assent to the conveyance.

The undivided one-half interest in the subject property, acquired by Daniel from C. M. (Mitchell) Haggins under the deed of May 26, 1962, remains in him. Thus Daniel is a tenant in common with the respondents and the intervener, who have homestead rights as the surviving widow and children of Edmond D. Haggins.

The trial court questioned the conduct of Daniel in his dealings with C. M. (Mitchell) Haggins and Alice L. (Haggins) Thomas. The court found from the evidence taken orally in open court, during the trial, that Daniel, as a complainant, had come into equity with unclean hands, because of some unconscionable dealings carried out against the grantors, Alice L. Haggins and C. M. (Mitchell) Haggins, in obtaining their execution of the deed to him dated May 26, 1962. On this account, the trial court dismissed Daniel's bill.

Where one seeks equitable relief and the aspect of unconscionable conduct develops in the course of the trial, the court

may apply the "clean hands" doctrine sua sponte. McInnis v. Sutton, 260 Ala. 432, 435, 70 So.2d 625; Baird v. Howison, 154 Ala. 359, 45 So. 668; Moore v. Hawk, 270 Ala. 684, 688, 121 So.2d 904; 30 C.J.S. Equity § 97, p. 1031. The unconscionable character of the transaction on a complainant's part need not be pleaded or set up as a defense to support evidence of unclean hands, for in his respect, equity is not so much concerned with exactitude in pleading, as it is with promoting fair play and justice. The application of the "clean hands" doctrine is a matter peculiarly within the sound discretion of the trial court, Moore v. Hawk, supra; but in this case, Daniel was not guilty of unconscionable conduct directed to the respondent children, his cotenants, and any such misconduct as may have been directed to Alice L. Haggins, the surviving widow, did not affect her rights at hand, because, as already pointed out, her execution of the deed of May 26, 1962, to Daniel was void. Any fraud or unconscionable conduct that Daniel may have employed against C. M. (Mitchell) Haggins is of a collateral nature, which might have been raised by C. M. (Mitchell) Haggins in a dispute between him and Daniel, but there is no issue between them, because Haggins is not a party to this suit. Their collateral dealings cannot affect the respondents or Alice L. Haggins in this case.

In order for the principle of "clean hands" to be available and applied by the court, the unconscionable conduct on the part of the complainant must in some manner be related or connected with the controversy in which the defendant is a party or is involved. The alleged unconscientious conduct or fraud was perpetrated by Daniel on C. M. (Mitchell) Haggins, not on one who is a party to this suit. He is not a party to the suit and the validity of his deed of May 26, 1962, to Daniel is not in issue.

In 68 C.J.S. Partition § 47, p. 74, it is stated:

"* * * It has been held a good defense that plaintiff's interest in the property was acquired by fraud practiced on defendant, or that defendant was induced by fraud to convey to plaintiff's grantor; *but it has also been held irregular, in a partition suit instead of a direct proceeding, to impeach conveyances to plaintiffs on the ground of fraud or mistake.* At any rate, an answer is insufficient where it admits the making of a deed by another cotenant to plaintiff and does not charge fraud or mistake or any injury to defendant." (Emphasis added.)

In the case of Sibley v. Alba, 95 Ala. 191, 10 So. 831, the respondent, in a partition suit, sought to interpose a plea alleging that the complainant's suit grew out of a champertous contract which lead him to purchase and become the owner of an undivided one-half interest in the real property sought to be partitioned. In holding the plea bad the Supreme Court said:

"* * * That agreement might raise very grave inquiries in any dispute that may spring up between Sibley (complainant) and Barnes. It can not in the least affect Alba (respondent), a mere stranger to the negotiation and to its consequences. * * *"

We hold therefore that unconscionable conduct practiced by the appellant on his grantor, if any, in obtaining from him a conveyance to an interest in the property, cannot be set up as a cause for the court's applying the doctrine of clean hands.

The final decree of the trial court is affirmed as to its holding the deed, dated May 26, 1962, void as to Alice L. (Haggins) Thomas. The decree is otherwise reversed for the reasons stated and the case is remanded for the trial court to proceed with an ascertainment and allotment of homestead and dower, if proper under the pleadings and the evidence, and a sale of said real property for a distribution of the proceeds thereof, if the same be authorized, according to the respective fractional in-

terest of each of the several tenants in common in the real property.

Affirmed in part, reversed in part, and remanded.

SIMPSON, COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.