This is an appeal by landlord from a judgment for tenant in a declaratory judgment action brought by landlord seeking forfeiture of the lease and eviction of tenant. We affirm.
The landlord is a Canadian corporation, which, in 1958, purchased the subject real estate, a large tract of land containing several manufacturing units and shop facilities together with an office building fronting Florence Boulevard in Florence, Lauderdale County, Alabama. The tenant is a corporation with no assets other than its leasehold interest in the subject property. The monthly rent was originally fixed at $2,975 and later reduced to $2,621 when a portion of the property was sold off. In the original lease provisions, the monthly rental payment would not be in default until it had remained unpaid at least 30 days after it became due.
By amendment of July 16, 1975: the original lease was amended so as to provide for a monthly rental of $3,500 beginning January 1, 1977, $4,000 beginning January 1, 1981, and for a consumer price index increase beginning in 1986; the tenant agreed to carry out certain repairs to the property; and, the tenant agreed to amend the notice provisions whereby the rent would become delinquent after ten days from the due date and the landlord need give only a twenty-day notice to tenant to cure any default.
It is the landlord's testimony, and that of its witnesses, that tenant was in default with the payment of rent from the date the amendment was signed, that tenant failed to provide insurance on the property for thirteen days in 1976, that the taxes were not paid when due, and that the repairs were not made as promised. It is the tenant's testimony, and that of its witnesses, that the rent was not in default from the time the lease amendment was made, that all the rent had been paid up to the date of trial, that landlord never gave a proper notice to cure a default in payment or any other claimed default under the lease as amended, that all taxes assessed against the property were paid and that the property had never been without insurance coverage.
After a hearing ore tenus, the court found for the tenant because the landlord "failed to reasonably satisfy the Court that the defendant [tenant] deliberately and willfully violated the lease as set out in plaintiff's [landlord's] complaint and the plaintiff [landlord] having failed to reasonably satisfy the Court that it had complied with the amended lease of 1975 by giving the required notice prior to re-entry, the prayer for relief by the plaintiff [landlord] is denied and judgment is entered for the defendant [tenant]." The court noted that the lease required "in order to entitle Lessor to re-enter in the event the rent is in default, or in order for Lessor to re-enter under any other provision hereof, Lessor shall give written notice by Registered or Certified mail to Lessee providing twenty (20) days from such notice to cure the default, and only after the end of such period of notice may Lessor re-enter." *Page 340 
On this appeal, the landlord contends that the circuit court was in error in not declaring a forfeiture, and evicting the tenant, for breach of the covenants and conditions of the lease in failing to pay the taxes on time, failing to pay the rent on time, failing to carry out the repairs as required, and failing to keep the premises insured. The landlord also contends that there was a willful, calculated, or persistent failure to pay the rent pursuant to the terms of the lease, under such circumstances as negativing exercise of good faith, and this prevents relief from a forfeiture of the lease upon that ground. This is the third lawsuit brought to enforce the provisions of this lease. (All have terminated favorably to the tenant.)
This was an ore tenus case, and on the factual issues, the trial judge found in favor of the tenant and against the landlord. On appeal, we indulge all favorable presumptions to sustain the trial court's judgment and will not disturb that conclusion unless it is plainly erroneous or manifestly unjust.Gunnels v. Jimmerson, 331 So.2d 247 (Ala. 1976). The evidence was in dispute. We are not persuaded that the trial judge's findings were plainly erroneous or manifestly unjust.
Moreover, forfeitures are not favored in the law nor in equity. City Garage Sales Co. v. Ballenger, 214 Ala. 516,108 So. 257 (1926). All the rental payments under the lease were made by the tenant and accepted by the landlord. The evidence shows that either all repairs called for in the amended lease agreement have been made or the evidence is in conflict on this issue.
The evidence also shows that all taxes had been paid and that the property has been insured, or the evidence is in conflict on these two issues. As we have heretofore stated this was an ore tenus case, and on these issues the trial judge found in favor of the tenant and against the landlord. On the good faith issue, the trial judge also found that the landlord had failed to reasonably satisfy the court that the tenant deliberately and willfully violated the lease provisions. We are not disposed to overturn his findings.
The trial court also found in favor of the tenant because the landlord had failed to reasonably satisfy the court that it had complied with paragraph 5 of the amended lease which provides that, in order for the landlord to be entitled to re-enter the premises in the event the rent is in default, or in default of any other provision of the lease, the landlord must give written notice by registered or certified mail to the tenant providing 20 days from such notice to cure the default and only after the end of such period is the landlord entitled to re-enter. The trial court is correct in this conclusion.
This Court has heretofore held that compliance with such a condition precedent must be averred and proved. Having failed to prove compliance with this provision as a condition precedent, landlord is not entitled to a re-entry of the premises and a forfeiture of the lease. Nelson v. Darling Shopof Birmingham, Inc., 275 Ala. 598, 157 So.2d 23 (1963). See also Eurton v. Smith, 357 So.2d 324 (Ala. 1978).
For the foregoing reasons, this case is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.