This action was filed by the Plaintiff-Appellant, seeking redemption of a lot bought by his brother and sister at a judicial foreclosure sale. The trial Court refused to allow the redemption of the entire lot, but held that Appellant was the owner of a one-third undivided interest in the property. Plaintiff appeals from that judgment. We affirm.
The material factual background is as follows: On March 25, 1957, Appellant George Ernest Knapp, Sr., purchased and received the patent to Lot 70, Section 25, Township 9 South, Range 2 East, Baldwin County, Alabama. On July 18, 1958, Appellant conveyed the East Half or 83.55 feet of the property to his mother, Helon Francis Knapp, by a warranty deed. Appellant retained title to the West Half of the lot after the conveyance of the East Half to his mother.
On July 1, 1963, Helon F. Knapp delivered to her son and his wife a $750.00 "war bond," and the three entered into an agreement prepared by Appellant and entitled "Option Agreement." The Option Agreement provided that Appellant and his wife would convey to his mother the West Half of Lot 70 in the event the $750.00 debt was not repaid within one year. Helon Knapp considered the agreement breached and treated the "Option Agreement" as having conveyed title to her. Appellant thereafter acknowledged her ownership of the whole lot. In a letter to his brother, Charles David Knapp, dated June 9, 1975, he said: "However, as I told you on the phone I will abide by mother's desire and you can consider the entire lot to be willed as she specifies."
The trial Court found that the $750.00 loan was never repaid by Appellant to his mother during her lifetime or to her estate.
Helon F. Knapp died on October 2, 1974. Defendants Charles David Knapp and Peggy Knapp petitioned to have the holographic will of Helon F. Knapp probated. By this will the testatrix devised the whole Lot 70 to her three children; and if she owned only the East Half, she devised that half to her daughter Peggy and son Charles David.
During the pendency of the administration of the estate, Appellant executed a mortgage to James Russ on any interest Appellant would inherit from his mother in her house and lot in Birmingham, the one-third undivided interest in the East Half of Lot 70 left to him in his mother's will and all of the West Half of Lot 70.
Appellant defaulted on the Russ mortgage, and, on December 5, 1977, a foreclosure sale was held. At this sale, Defendants, a brother and sister of the Appellant, purchased the property (Lot 70) for $12,496.63. Thereafter, and within one year, Appellant made a demand on the Defendants for a statement in writing of the debt and all lawful charges claimed by them. Defendants then furnished a statement of the debt and charges, but refused to reconvey the property.
On December 1, 1978, Appellant tendered to Defendants $13,753.04 through the court, at the same time filing his complaint for redemption of the entire property. Thereafter, the trial Court decreed that Appellant and the two Defendants were owners of undivided one-third interests in and to Lot 70.
I. Appellant's $750.00 Bond Obligation.
Appellant alleges that the question of the payment vel non of his $750.00 debt owed to his mother was determined by the probate court's estate settlement decree, thereby rendering improper a consideration of this issue by the circuit court. We cannot agree.
Such assertion is contrary to Appellant's own testimony at the trial. When the administration of the estate was concluded, the only question remaining to be resolved was that of who had title to the lot in question. Such fact was expressly acknowledged by Appellant during the trial.
As title to the real property was not an issue before the probate court, the judgment of that court was not conclusive as to Appellant's agreement with his mother respecting the $750.00 obligation and his remaining *Page 530 
interest in the property. Pitts v. Howard, 208 Ala. 380,94 So. 495 (1922).
II. Defendant's Defense of Unclean Hands.
Appellant argues that Defendants should be barred from raising as a defense to his complaint the equitable doctrine of unclean hands. It is noteworthy, as Appellees suggest, that, while the unclean hands defense was raised as one of several defenses to the action, it was not adopted by the trial Court. Therefore, availability of such defense to Appellees is irrelevant. As the trial Court did not speak to this issue, we are unable at this point to focus our attention thereon. Burchv. Southeastern Sand Gravel Co., 278 Ala. 504, 179 So.2d 83
(1965).
III. Defendants-Appellees' Use of Estate Funds.
Appellant suggests that Defendants themselves had unclean hands because they had used for their personal benefit funds which were entrusted to them as executors of their mother's estate. Such assertion is without merit. The propriety of the proceedings of the probate court in the administration of Helon F. Knapp's estate was not before the trial Court for review in this case. Likewise, the doctrine of unclean hands is confined in application to matters related or connected with the controversy before the court, which here involved only title to the property in question. Daniel v. Haggins, 286 Ala. 409,240 So.2d 660 (1970). See, also, Sterling Oil of Oklahoma, Inc. v.Pack, 291 Ala. 727, 287 So.2d 847 (1973).
 IV. Payment to Defendants of the Redemption Amount and Interest Thereon.
Appellant cites trial Court impropriety in its paying out to Defendants both the redemption amount and the interest accrued thereon, by the original amount's having been placed in an interest bearing account. We fail to find substance in this contention. To redeem from a foreclosure, the creditor redeeming must pay or tender to the purchaser the purchase money plus interest at the rate of 10 per cent per annum. § 6-5-235, Code of Alabama 1975. Because he was adjudged not entitled to a return of the money, he likewise was not due any interest it may have earned.
V. Construction of the Will by the Trial Court.
Appellant claims error in the trial Court's construction of the will of his mother, Helon F. Knapp. We disagree. In her will, Helon F. Knapp stated, "I give and bequeath the whole lot, approximately 167.10 feet, to be divided three ways to my children."
The trial Court's construction of the will comports with its clear and unequivocal terms. Moreover, though not an aid to our interpretation of the will, it is noteworthy that Appellant informed his brother through a letter that ". . . I will abide by Mother's desire and you can consider the entire lot to be willed as she specifies." We find no error in this aspect of the appeal.
VI. Admission of Helon F. Knapp's Memorandum.
Finally, Appellant complains that the trial Court erred by admitting into evidence an unexecuted and undated memorandum written by his mother, Helon F. Knapp. We disagree.
Admitted into evidence was a memorandum found among his mother's papers after her demise. Appellant testified that this memorandum was the writing of his mother. Assuming arguendo
that such document was inadmissible, we are unable to discern any injury flowing to Appellant therefrom. Hawie v. Kelly,256 Ala. 31, 53 So.2d 609 (1951).
Appellant moved for the trial Court to vacate or to amend the judgment, or, in the alternative, moved for a new trial. The basis for such requests was that the judgment was unsupported by, and contrary to, the evidence and the law.
Refusal by the trial Court to grant such a motion carries with it a presumption *Page 531 
of correctness. Taylor v. Birmingham News Co., 341 So.2d 689
(Ala. 1977). The case having been heard ore tenus, the trial Court's judgment is presumptively correct and will not by disturbed on appeal unless it is unsupported by the evidence or it is plainly erroneous and manifestly unjust. Noel SmithDevelopment Co., Ltd. v. National Filtronics, 360 So.2d 338
(Ala. 1978).
We find the trial Court's decree, in all its aspects, is amply supported by credible evidence and comports with cognizable standards of fairness and justice.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, and BEATTY, JJ., concur.
SHORES and EMBRY, JJ., recused.