The parties were divorced by judgment of May 10, 1977. The court reserved control and disposition of property jointly owned by the parties. In response to a petition to modify accompanied by an agreement of the parties, the court, on April 14, 1978, modified the original judgment by incorporating the agreement. A part of that agreement was that the defendant-husband would immediately make minor repairs to the property and place it on the market for sale, the net proceeds from the sale to be equally divided between the parties
On October 20, 1980, the petition of the wife to enforce the agreed judgment of April 14, 1978, determine unpaid alimony and child support and hold defendant in contempt was heard by the court. Judgment was entered finding defendant in contempt, determining arrearages in alimony and support, reiterating the sale of the property and directing the manner and conditions thereof and distribution of the funds therefrom
On January 21, 1981, defendant, having failed to perform as ordered by the judgments of April, 1978, and October, 1980, filed a petition requesting the court to order plaintiff to accept from defendant an appraised value of her interest in the property and convey it to him. Plaintiff filed answer and cross-petition, stating that defendant remained in contempt for failure to comply with previous orders of the court and had again failed to comply with the order of October 20, 1980, and had failed to pay support due since that time. Plaintiff sought a further finding of contempt and dismissal of defendant's petition
The court heard the matter orally and entered an order dismissing defendant's petition. Defendant appeals, presenting as the only issue, "whether the October 20, 1980, ruling of the court constituted a final decree."
We have some difficulty in understanding from the record how the stated issue on appeal is relevant. We divine from the brief argument of defendant in brief that his point is that the dismissal of his petition was because the trial court concluded that its decree of October 20, 1980, as to disposal of the joint property, was final and not subject to modification. If such is defendant's conclusion, he may be correct; however, there is little if anything in the record to support it. We have read the testimony heard by the court upon the petition There is indicated that plaintiff's counsel filed a memorandum brief in support of her request for dismissal and sought a ruling thereon prior to the taking of testimony. The memorandum is not before us. The court refused to rule at that point and proceeded with testimony
The testimony indicated that defendant had not complied with the previous orders and now wished to purchase plaintiff's interest with money recently inherited. At the conclusion of testimony, the judge commented that the parties had been given ample opportunity to dispose of the home and had made no headway. He stated uncertainty as to what his order would be as a result of the hearing, but he anticipated it would call for severe action. His ruling was one of dismissal of defendant's petition
In view of the testimony, the averments of plaintiff's motion to dismiss, the record of defendant's previous defalcations and contemptuous conduct, and the absence of indication of any other reason, we conclude that the dismissal likely came from a finding of lack of standing or unclean hands. Adams v. Adams,368 So.2d 552 (Ala.Civ.App. 1979); Daniel v. Haggins, 286 Ala. 409, 240 So.2d 660 (1970)
However, the order of dismissal of the petition could have been upon the merits *Page 948 
after hearing ore tenus. In any case, we consider the trial court was not in error in its order and we affirm
We perceive no purpose in writing to the issue presented by defendant in the absence of indication in the record that it was raised in the court below. We do comment that the judgment of April 14, 1978, was a final determination of the interest of the parties in the property and not modifiable. It was therefore a final judgment under Rule 54 (a), A.R.C.P. The portions of that judgment as to the sale of the property and method of procedure were also final and would have supported an appeal. However, these were only directory as means of enforcement and were subject to modification upon change of circumstances at the discretion of the court. In equity cases there can be more than one final judgment from which an appeal may be taken. Chadwick v. Town of Hammondville, 270 Ala. 618,120 So.2d 899 (1960). However, there may remain thereafter other matters in which the equities have not been settled or proceedings necessary to enforce the judgment previously entered. A court has inherent power to issue such orders or process as necessary to render its judgment effective. Monroev. Monroe, 356 So.2d 196 (Ala.Civ.App. 1978)
AFFIRMED
BRADLEY and HOLMES, JJ., concur