The trial court found the husband in contempt and refused to modify certain provisions of a prior decree of divorce. The husband through able counsel appeals and we affirm.
The husband raises several unrelated issues. This court will address the dispositive issues and detail the pertinent facts as they relate to the specific issues. We note at this point that the original divorce decree was appealed by the husband. For a more thorough understanding of the facts, interested parties may refer to Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App. 1980), writ denied, 397 So.2d 135 (Ala. 1981).
The husband first contends that the trial court erred in requiring the husband to return cash values to certain insurance policies.
The original decree provided for the wife to have as her separate property four different insurance policies issued on the life of the husband. The husband was to pay the premiums on one of the policies.
After the original decree was rendered and the judgment stayed while the case was on appeal, the husband, without the wife's knowledge or consent, borrowed sums of money against the four insurance policies. The wife would have been entitled to the policies twenty days after the date of the original decree but for the intervention of the appeal and the supersedeas bond. Undoubtedly this action by the husband diminished considerably the value of the property awarded the wife.
Clearly, the trial court under these facts would have the power to require the husband to return the cash value of the policies, thereby restoring the value of those assets as contemplated by the trial court at the time of the original decree. A trial court has inherent power to enforce its prior decrees and to make such orders and issue such process as may be necessary to render the judgment effective. Norris v.Norris, 406 So.2d 946 (Ala.Civ.App. 1981); Monroe v. Monroe,356 So.2d 196 (Ala.Civ.App. 1978).
Furthermore, when parties to a divorce action submit themselves to the jurisdiction of a court of equity, the court has the power to use any reasonable means to effect a just property settlement and to adjust equity between the parties.Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App. 1982). Under the facts of the case at bar, the trial court, at a modification-contempt proceeding, did not err in requiring the husband to return the cash value of the sums he had borrowed on the policies. It is apparent that this action was necessary to render the trial court's original judgment effective.
The husband also contends that the trial court did not have the power to make certain corrections regarding one of the above mentioned insurance policies.
The insurance policies awarded to the wife were identified by number. One of the policies was identified in the original decree as being policy number "275H220." *Page 318 
At the hearing on the petition for rule nisi and modification, the agent of the insurance company which issued the policy testified that there was no such policy number and that the insurance company uses only numbers, not letters, in its policy numbering system.
After hearing evidence, the trial court determined that the incorrect policy number was mistakenly entered in the decree and policy number 30957647 was substituted for the incorrect number.
As explained above, the trial court has inherent power to enforce its decree and render the decree effective. Norris, at 946.
Additionally, clerical mistakes in judgments may be corrected by the court at any time on its own initiative. Rule 60 (a), Alabama Rules of Civil Procedure. There is ample evidence to support the conclusion that the mistake in the instant case was clerical. There existed no such policy as that described in the original decree. Policy number 30957647 did exist and was in fact transferred to the wife before the mistake in the decree was discovered at the hearing on the petitions for rule nisi
and modification. The trial court did not err in changing the policy number.
The husband next contends that the trial court erred regarding its finding that the husband failed to pay required alimony in gross.
The decree provides as follows:
 "[The husband] shall pay the other and further sum of Forty Thousand Dollars ($40,000.00) as alimony in gross, and in lieu of any other property settlement between the parties, which shall be due and payable at the rate of Four Thousand Dollars ($4,000.00) per annum. . . ."
The husband appears to argue that the phrase "in lieu of any other property settlement between the parties," meant that the husband could elect to either comply with the specific property divisions enumerated in the decree or give the wife $40,000, but that he did not have to do both. This contention is wholly without merit. It would appear that our prior opinion would settle that question.
In Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App. 1980), writdenied, 397 So.2d 135 (Ala. 1981), we stated that "the husband is to pay $40,000 alimony in gross at the rate of $4,000 per year," in addition to other specifically enumerated property settlement listed in the decree.
In any event, the trial court can interpret its decree.Horsley v. Horsley, 390 So.2d 1058 (Ala.Civ.App.), writ denied,390 So.2d 1060 (Ala. 1980); Fox v. Dick, 389 So.2d 940
(Ala.Civ.App. 1980). In the instant case, the trial court's interpretation is correct. Plainly, the phrase "in lieu of any other property settlement" referred to any other settlement not specifically mentioned or covered in the decree, in other words, any "further" property settlement.
The husband's next contention is that the trial court erred in awarding the wife an attorney's fee.
The husband was found to be in contempt. There is evidence to support this finding. The husband failed to pay any child support or periodic alimony from the date of the original decree to the time the first appeal was completed. A total of $9,111 accrued during that time. An additional $1,014 accrued thereafter. As the petition for rule nisi came on for a hearing, the husband offered to pay an amount in settlement and, subsequently, paid approximately $15,000 into the court. The trial court found the husband in contempt for failure to comply with the terms of the divorce decree. The trial court waived punishment because the husband did substantially pay the arrearages. However, the fact remains that the husband willfully failed to comply with the provisions pertaining to child support and periodic alimony when he had the means and ability to comply. Under these circumstances the trial court was within its authority to find the husband in contempt.Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App. 1983).
Section 30-2-54, Ala. Code (1975), provides that *Page 319 
 "In all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending and a contempt of court citation has been made by the court against either party, the court may, of its discretion, upon application therefor, award a reasonable sum as fees or compensation of the attorney or attorneys representing both parties."
In view of the foregoing, there was no error in the awarding of attorney's fees.
The husband also urges error in the trial court's failure to modify the prior decree concerning alimony.
The determination of whether a modification of an original decree should be granted is solely within the discretion of the trial court. Ezell v. Ezell, 440 So.2d 560 (Ala.Civ.App. 1983).
In the present case, the husband at the time of the hearing on the petition to modify had over $50,000 in Merrill-Lynch accounts. He is the president and sole active stockholder receiving benefits from a closely held corporation and his salary has increased since the original decree. Also, the husband had borrowed $200,000 for his business and purchased a new home for approximately $65,000. Although, as we discovered in the first appeal, it is difficult to gauge the husband's financial situation (that is partly due to the lack of documentation on the husband's part), he apparently is enjoying a good life style.
The husband contends that because the wife had been able to afford elective surgery, this established a material change in circumstances sufficient to warrant a modification. As mentioned above, this is a matter that is discretionary with the trial court and any small change in the wife's fortunes does not mandate modification.
We do not find an abuse of discretion in the trial court's refusal to modify the prior decree. Dorey v. Dorey,412 So.2d 808 (Ala.Civ.App. 1982).
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.