This is an appeal from a judgment construing a divorce decree and a modification decree.
On September 6, 1979 the Circuit Court of Tuscaloosa County divorced the parties to this proceeding and incorporated in that decree their settlement agreement. The part of the agreement that is pertinent to the present proceedings concerns the jointly owned apartment building known as Timberland Apartments and the award of periodic alimony.
It is provided in the agreement that the wife is to be awarded the husband's one-half interest in the apartments, subject to a mortgage. It is also provided that the wife is to receive $950 per month as alimony. However, if the wife remarries or the existing mortgage on the apartment building is paid off, the monthly alimony payments are to cease.
On December 19, 1979 the wife asked the court to set aside the 1979 divorce decree. After a hearing the court decreed that parts of the 1979 decree should be clarified, amended, and restructured regarding alimony and division of property. In keeping with its decision that only certain aspects of the 1979 decree should be changed, the trial court amended that provision in the 1979 decree awarding wife husband's interest in the jointly owned apartments to allow the husband to retain his one-half interest and sole right to and use of the apartments until January 1, 1985. He was to make the mortgage payments and maintain the property in good condition. He also was to keep in effect insurance on the building, and he was enjoined not to alien the property or encumber it in any way.
On January 1, 1985 husband was to convey to wife his interest in the apartments subject to the encumbrance. The husband was still required to pay wife $950 per month as alimony.
On December 20, 1984 the husband requested the trial court to clarify that part of the two decrees dealing with the transfer to the wife of title to the apartments, payment of the mortgage on the apartments, and the elimination of periodic alimony upon payment of the mortgage.
After a hearing the trial court found first that the 1980 decree was not intended to, nor did it, set aside or vacate the 1979 decree. The 1980 decree affected or changed only parts of the 1979 decree. Second, the court found that the two decrees should be considered together to determine the intent of the parties and the court. Third, the court found that the combined effect of the two decrees was intended to and did require the husband to convey to the wife his interest in the apartments, required the husband to pay the mortgage indebtedness on the apartments, and required the husband to pay the $950 a month to the wife so long as the mortgage remains unpaid. The court also concluded that the husband could, at any time, pay off the mortgage indebtedness and thereby be relieved of the $950 a month alimony payments.
The wife filed a motion to set aside the clarification decree, and also filed a motion for attorney's fees.
The court decreed that its clarification order was, in effect, a declaratory judgment and was jurisdictionally proper inasmuch as there was a justiciable controversy between the parties as to the effect of prior decrees of the court. The court then held that its clarification decree properly construed the portions of the 1979 and 1980 decrees that were in controversy.
We are unable to find in the record any ruling on wife's request for an attorney's fee. However, both husband and wife treat this motion in brief as though it were denied. Thus, we will assume that wife's motion for an attorney's fee was denied. Wife appeals from the final judgment.
Wife first says that the trial court erred in treating the request for a construction of the 1979 and 1980 decrees as a petition for declaratory judgment. She argues that there was no justiciable controversy between the parties, hence no declaratory judgment could issue. Wife contends husband was merely anticipating that a controversy *Page 3 
would arise in the future and was trying to ascertain what his rights would be at that time.
Husband replies that at the time he filed his motion for clarification of the prior decrees there existed a present justiciable controversy. He says that he was required to transfer his interest in the apartments to the wife by the prior decrees but did not know whether the payment of the mortgage would authorize him to stop the $950 a month alimony payments.
To begin, a trial court has the authority to interpret and construe its own decrees. Hurd v. Hurd, 456 So.2d 316
(Ala.Civ.App. 1984). And, the husband requested in his motion for clarification that the trial court construe the two prior decrees and determine whether those decrees permitted him to pay off the mortgage on the apartments and thereby be relieved of further alimony payments.
The trial court acted in response to the motion for clarification and construed the two prior decrees. Whether the trial court subsequently deemed the motion a petition for declaratory judgment is immaterial. First, as noted, the trial court had the authority to construe the decrees in question as requested by the husband in his motion. Second, even though the trial court considered husband's request to be a request for a declaratory judgment, the trial court still did not err in its choice of procedural vehicles it used to interpret the decrees in question.
In order for a trial court to utilize the declaratory judgment act, a real controversy over the meaning or effect of a judgment must be present. Avery Freight Line, Inc. v. White,245 Ala. 618, 18 So.2d 394 (1944). Also, it appears that a court can use the declaratory judgment act to construe or interpret a decree or judgment. See, Mitchell v. Hammond,252 Ala. 81, 39 So.2d 582 (1949).
We conclude, as did the trial court, that the parties' interpretations of whether the husband could pay off the mortgage and thereby be relieved of further alimony payments were diametrically opposed, and that a justiciable controversy thus existed. Therefore, we hold that it was not reversible error for the trial court to treat husband's motion for clarification as a petition for declaratory judgment.
Wife's next contention is that the trial court erred in declaring that the two prior decrees authorized the husband to pay off the mortgage on the apartments and thereby be permitted to terminate the $950 monthly alimony payments. She says that the only recognized events for terminating periodic alimony are remarriage, death, and, pursuant to section 30-2-55, Code 1975, cohabitation. Since the payment of the mortgage does not constitute such an event as would mandate cessation of periodic alimony, only a material change in circumstances would authorize a modification or elimination of periodic alimony.
The husband says that the 1980 decree was intended to amend or clarify only certain parts of the 1979 decree and those parts of the 1979 decree not changed were intended to remain in effect. He argues that the final clarification decree properly recognized the intentions of the parties and the trial judge as expressed in both the 1979 and 1980 decrees.
 "Judgments and decrees are to be construed like other written instruments. Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970). If there is uncertainty and ambiguity in a contract or judgment, the court must construe it so as to express the intent of the parties or the trial judge. Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978). Such intent can be derived from the provisions of the judgment. See Reeder v. Reeder; Sisco v. Empiregas, Inc., 286 Ala. 72, 237 So.2d 463 (1970)."
Price v. Price, 360 So.2d 340 (Ala.Civ.App. 1978).
The trial court construed the two decrees and concluded that the intent of the parties and the trial judge was to give the wife full title to the apartments on January 1, 1985, and to require the husband *Page 4 
to make the mortgage payments and pay to the wife $950 per month as periodic alimony. The trial court further concluded that after the husband transferred his interest in the apartments to the wife he could pay off the mortgage indebtedness and thereby be relieved of the $950 monthly alimony payments.
We have carefully examined the pertinent provisions of the 1979 and 1980 decrees, and we cannot say that the trial court misconstrued the provisions of the decrees in question, nor can we say that the trial court failed to give proper recognition to the intent of the parties and the trial judge as expressed in the two decrees. Thus, we find no error in the trial court's final clarification decree.
Wife's final contention is that the trial court erred in failing to award her an attorney's fee for defending against husband's action to have the 1979 and 1980 decrees interpreted.
As noted above, the trial court considered husband's request for clarification of the decrees in question to be a petition for declaratory judgment. It has been held that the declaratory judgment act does not authorize the allowance of attorney's fees. City of Vestavia Hills v. Randle, 292 Ala. 492,296 So.2d 710 (1974). The failure of the trial court to award an attorney's fee is not error.
The decree of the trial court is affirmed.
Wife's request for attorney's fee on appeal is denied.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.