BRADLEY, Presiding Judge.
Lena H. Findley and William T. Findley were divorced on September 30, 1986. Incorporated in the divorce decree was an agreement of the parties to the divorce. Paragraph 5 of the agreement provides as follows:
“FIFTH: In addition to the monthly alimony of One Thousand Dollars ($1,000.00) provided in the preceding paragraph, the Defendant shall pay to the Plaintiff monthly as additional alimony Fifty Percent (50%) of any excess in his net monthly income in excess of Two Thousand Eighty-nine Dollars ($2,089.00) per month.”
Shortly after the divorce decree was rendered, the husband retired from CSX Transportation, Inc., his employer. He was paid $40,284.62 in a lump sum as a “separation allowance.”
The wife petitioned the trial court to construe paragraph 5 of the divorce decree as entitling her to one-half of the $40,-284.62. She argues that the lump sum paid to her former husband should be considered as monthly income within the meaning of paragraph 5 of the divorce decree. The husband did not favor us with a brief.
It is accepted that a trial court has the power to interpret and construe its own decrees. White v. White, 490 So.2d 1 (Ala. Civ.App.1986); Hurd v. Hurd, 456 So.2d 316 (Ala.Civ.App.1984). As requested, the trial court construed the divorce decree and determined that a separation allowance was not monthly income within the meaning of paragraph 5 of said decree. Such a determination is reasonable in view of the fact that husband was no longer employed by CSX Transportation and was not earning or receiving a monthly income from that employer. The lump-sum amount received by husband from his former employer was a separation allowance, not monthly income.
We conclude that the trial court correctly construed paragraph 5 of the divorce de *1358 cree, and hold that its judgment should be affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.