ROBERTSON, Presiding Judge.
Jan Reese Loomis (husband) and Janice Anita Loomis (wife) were divorced on April 20, 1992, in the Circuit Court of Jefferson County, Alabama. In making a distribution of the marital property, the trial court ordered in the divorce decree:
“12. That the clerk of this court shall hold a public sale of the residence of the parties located at 8829 Emerald Lake Drive West, Pinson, Alabama, and the lot next door to said residence. The [husband], by and through his attorney of record, shall forthwith pay to the Clerk the publication costs for said sale. Each party hereto shall be a competent bidder at same. The net proceeds, after the deduction of costs for said sale, shall be divided equally between the parties.... ”
The public sale of the property was advertised to take place on November 12, 1992. On November 4, 1992, the husband and the wife agreed that the husband would purchase the wife’s one-half interest in the jointly-held property. The wife executed a deed and conveyed to the husband her interest in the property for the sum of $40,650.50 in order to effectuate a distribution of the marital property in accordance with the divorce decree. On the following day, November 5, 1992, the husband duly recorded the deed in the Probate Court of Jefferson County, Alabama. The husband’s attorney failed to notify the clerk of the court of the parties’ private sale and of the conveyance by the wife to the husband. Consequently, the clerk conducted the public sale as scheduled.
The highest bidder at the public sale was Fred Posey, bidding $50,000 for the property. On the same day of the sale, the husband filed a motion, requesting that the trial court set aside the public sale. Also, on the same day of the sale, Posey paid the $50,000 into the clerk’s office. The clerk’s report of the public sale was filed on November 13, 1992, which provided that the report was to “lie over ten days for exceptions.”
On November 19, 1992, Posey filed a motion to intervene, which was later granted, and also filed a response to the motion to set aside the public sale. The husband filed his exception to the public sale in open court on November 20, 1992.
On November 24, 1992, following an ore tenus proceeding, the trial court entered an order setting aside the clerk’s sale, ratifying and confirming the private sale between the husband and the wife, and directing the clerk of the court to return to Posey those sums tendered by him in this cause.
Posey appeals from the trial court’s order setting aside the public sale of the marital property. He contends that the trial court did not have jurisdiction to change or to modify property settlements contained in a final decree of divorce if more than thirty days have elapsed since the trial court entered the final judgment.
Section 6-9-147, Ala.Code 1975, provides:
“Courts have full power over their officers making ... judicial sales, and whenever satisfied that a sale made under any legal process is infected with ... irregularity or error to the injury of either party, the sale will be set aside.”
Furthermore, the determination as to whether to set aside a judicial sale is largely within the sound discretion of the trial court. Hogan v. Carter, 431 So.2d 1160 (Ala.1983). In Hogan, our supreme court recognized that most courts seem to take a common-sense approach to all the circumstances, including *799 evidence of mistake or problems with title, in setting aside sales.
Posey also contends that the parties to a divorce may not change or modify a final judgment of divorce by an agreement between themselves, citing Holland v. Holland, 406 So.2d 877 (Ala.1981). However, the agreement between the parties to a private sale instead of a public sale merely modified the means of disposing of the marital residence, which the trial court ratified and confirmed as the means of enforcement of its judgment of divorce. Norris v. Norris, 406 So.2d 946 (Ala.Civ.App.1981). Although the judgment of divorce was final, the methods of procedure were only directory as a means of enforcing the judgment of divorce and were subject to modification. Norris.
In the case at hand, we conclude that the trial court’s ratification and confirmation of the private sale between the parties did not constitute a modification of the divorce decree. Rather, the trial court merely ratified an alternative means of enforcing the divorce judgment. It was fully within the trial court’s discretion to set aside the public sale, and the trial court’s judgment is hereby affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.