KENNEDY, Justice.
Mary Gilbert was diagnosed by Dr. Roy L. Sims with a benign tumor. As part of her prescribed treatment, Dr. Sims gave Mrs. Gilbert two injections, at an approximate cost of $400 each. Sometime after her treatment by Dr. Sims, Mrs. Gilbert began to believe that she had been incorrectly diagnosed and that the injections were making her ill. As a result of this belief, Mrs. Gilbert and her husband refused to pay Dr. Sims for the treatments.
Dr. Sims hired the law firm of Breibert & Lichtenstein to represent him in an action to recover the amount he claimed he was owed by the Gilberts. The law firm sued both Mr. and Mrs. Gilbert and, on January 15, 1997, the trial court entered a default judgment against the Gilberts for the full amount of the claim, plus interest, costs, and legal fees.
Fourteen days later, the Gilberts sued Dr. Sims and the law firm of Breibert & Lichtenstein. Against the law firm they alleged fraud, conspiracy to defraud, and legal malpractice. Essentially, the Gil-berts alleged that the law firm had conspired with Dr. Sims to obtain a double recovery in the action filed for collection. The trial court entered a final judgment dismissing all three claims against the law firm, with prejudice, and the Gilberts appealed. The Court of Civil Appeals, on September 5, 1997, affirmed, without opinion. Gilbert v. Breibart & Lichtenstein, P.C., (No. 2961227) 723 So.2d 121 (Ala.Civ. App.1997) (table). This Court denied the Gilberts’ petition for certiorari review, on January 16, 1998. Ex parte Gilbert, 734 So.2d 1004 (Ala.1998) (table).
This present case involves a separate action for a declaratory judgment. The Gilberts filed that action requesting an interpretation of the default judgment entered against them in the original collection action. The trial court dismissed the declaratory action as “untimely and totally without merit,” and the Court of Civil Appeals, on May 22, 1998, affirmed, without opinion. Gilbert v. Sims, 740 So.2d 496 (Ala.Civ.App.1998) (table). We granted the Gilberts’ petition for certiorari review, to consider whether the trial court properly dismissed the Gilberts’ declaratory-judgment action. We reverse and remand.
In their certiorari petition, the Gil-berts do not attack the validity of the default judgment in the collection case, but argue that that judgment, in its current form, appears to require them to pay double the amount owed on the debt to Dr. Sims. Briefs filed in this Court by Breibert & Lichtenstein in response to the Gilberts’ certiorari petition in their fraud action make it clear that Mary and Billy Gilbert owed Dr. Sims $880.00. It is also clear that the law firm intended to structure the complaint so that a judgment favorable to the plaintiff would make Mary and Billy Gilbert jointly liable for the single $880.00 debt. However, the complaint was poorly worded, and the default judgment entered by the trial court tracked the language of the complaint. As a result, the default judgment appears to require Billy Gilbert to pay $1183.46, plus costs, and to require Mary Gilbert to pay $890.13, plus costs. The actual wording of the default judgment is as follows:
“Default Judgment for the Plaintiff against Defendant Billy Gilbert for *549 $880.00 + $10.13 Interest + $293.33 Attorney’s Fees + Cost and against Mary Gilbert for $880.00 + $10.13 Interest + Costs.”
A declaratory-judgment action can be used to request a judicial interpretation of a judgment, White v. White, 490 So.2d 1 (Ala.Civ.App.1986). We find no basis for the trial court’s holding that the declaratory-judgment action was untimely. Although the Gilberts had a petition for cer-tiorari review pending in this Court when they filed their declaratory-judgment action, that petition related to the Gilberts’ fraud action; it did not involve the substance of the collection action or question the validity or interpretation of the default judgment entered in that collection action. See Barran v. Roden, 263 Ala. 305, 307, 82 So.2d 398, 399 (1955); Ex parte Elmore, 585 So.2d 921, 922 (Ala.1991).
It is truly unfortunate that this issue could not be resolved in the trial court. The judgment of the Court of Civil Appeals is reversed, and the case is remanded with instructions for that court to reverse the judgment of the trial court and to direct the trial court to clarify the Gil-berts’ liabilities under the default judgment entered in the original collection action.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, BROWN, and JOHNSTONE, JJ., concur.
COOK, J., concurs in the result.
LYONS, J., dissents.